# ORDER

**VIRGINIA:**

In the Court of Appeals of Virginia on Tuesday the 11th day of October, 1994.

In Re: Concealed Weapon Application of Deane L. Cummins

OPINION

By order dated February 22, 1994, the Circuit Court of the City of Roanoke denied a permit for Deane L. Cummins to carry a concealed weapon, and Cummins filed a "Petition for Review and Petition for Appeal" with this Court on May 19, 1994. For the reasons that follow, we conclude that the petition was not timely filed, and therefore, the petition is dismissed.

Code § 18.2-308 prescribes the procedure for obtaining a permit to carry a concealed weapon. Subsection D of that statute reads in pertinent part:

Any person denied a permit to carry a concealed weapon under the provisions of this subsection may, within *thirty days* of the final decision, present a petition for review to the Court of Appeals or any judge thereof. The petition shall be accompanied by a copy of the original papers filed in the circuit court, including a copy of the order of the circuit court denying the permit.

Code § 18.2-308(D) (emphasis added).

Code § 17-116.05:1(A) provides that "[a]ny aggrieved party may present a petition for appeal to the Court of Appeals from . . . (ii) any final decision of a circuit court on an application for a concealed weapons permit *pursuant to subsection D of Code § 18.2-308*." *Id.* (emphasis added). However, Rule 5A:12(a)[1] directs that a "petition for appeal" must be filed with this Court "not more than *forty* days after the filing of the record." *Id.* (em-

---

[1] Code § 17-116.05:3 governs the filing of a petition for appeal "in a criminal case" and is not applicable to these proceedings.

phasis added). Therefore, the appellate procedures prescribed in Code §§ 17-116.05:1(A) and 18.2-308(D) appear to conflict with Rule 5A:12(a).

In the instant case, the trial court rendered the final decision on February 22, 1994, and the record and petition were filed on April 19, 1994 and May 19, 1994, respectively. Thus, if the petition is considered a review pursuant to Code § 18.2-308(D), the filing was more than thirty days after the decision and untimely, but, if treated as a "petition for appeal," the filing followed the record within forty days and was timely.

Code § 17-116.05:1(A) identifies those cases over which this Court has jurisdiction through "a petition for appeal," including circuit court decisions pertaining to concealed weapons permits "pursuant to subsection D of § 18.2-308." *Id.* Code § 18.2-308(D) specifically provides for "review" of such decisions by petition filed with this Court within thirty days of final action by the trial court. *Id.* "Where the language of a statute is clear and unambiguous, we are bound by that plain statement of legislative intent," *Commonwealth v. Meadows,* 17 Va. App. 624, 626, 440 S.E.2d 154, 155 (1994), and the "general law" of the Commonwealth prevails over the conflicting Rules of the Supreme Court. Va. Const. art. VI, § 5. Therefore, the petition before the Court was not timely filed in accordance with Code § 18.2-308(D) and is procedurally barred.

This issue arises with such regularity that members of the bar may benefit from the publication hereof, and the clerk is so directed.