COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, Chafin and Senior Judge Coleman
Argued at Richmond, Virginia

**PUBLISHED**

JASON N. CREAMER

v.        Record No. 0367-14-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE SAM W. COLEMAN III
JANUARY 13, 2015

FROM THE CIRCUIT COURT OF POWHATAN COUNTY
Paul W. Cella, Judge

Reed C. Amos (Amos & Amos, PLLC, on brief), for appellant.

Steven A. Witmer, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Jason N. Creamer (appellant) was convicted of grand larceny in violation of Code § 18.2-95.

On appeal, he argues that the trial court erred by prohibiting him from calling his former

co-defendant as a witness and rejecting his post-trial proffer of the co-defendant's testimony.[1]  He

also contends that the evidence was insufficient to support his conviction.  We hold, based on

appellant's mid-trial proffer of the expected testimony, that the court did not abuse its discretion in

refusing to allow appellant to call his co-defendant as a witness.  We hold further that if the trial

court erred in refusing to accept appellant's post-trial proffer, which he specifically offered only to

complete the record for appeal, any error was harmless.  Finally, we conclude that the evidence was

sufficient to support his conviction.  Therefore, we affirm.

---

[1] Appellant also assigns error to the trial court's rejection of his proffer of the testimony
of a second witness, John Lynch.  On appeal, however, appellant does not assign error to the trial
court's exclusion of the testimony itself.  Thus, as to Lynch's testimony, the trial court's refusal
of the proffer, if error, was harmless.  See, e.g., Code § 8.01-678; Clay v. Commonwealth, 262
Va. 253, 260, 546 S.E.2d 728, 731-32 (2001).  Accordingly, we do not further consider the
court's rejection of the proffer of Lynch's testimony.

## I. BACKGROUND

In February 2011, Edward Moore (Moore) moved to another state with his fiancée, Lynn Allison Moore (Mrs. Moore).[2] Prior to moving, Moore rented his fully furnished house to appellant and his wife.[3] The lease was a "rent-to-own" agreement and allowed appellant to purchase the home after he had rented it for two years. The agreement, which Mrs. Moore had obtained online, did not mention the furnishings in the home. Pursuant to the rental agreement, appellant and his wife resided in the home, and they allowed a friend, Richard Davis (Davis), to live in the garage.

In February 2012, when Moore began eviction proceedings due to appellant's failure to pay the rent, he discovered that appellant and his family, as well as Davis, had moved out. Moore found that the house key was in the lock and almost all of the household furnishings had been removed.

Moore reported the missing furnishings to the Sheriff's Department.[4] Appellant admitted to Officer H.H. Dickerson that he had taken the furnishings, but he said that they had been "given to him." Moore and his wife indicated, by contrast, that they had told appellant he could have the furnishings only if he exercised the option to buy the home, which he did not. As a result of the investigation, appellant and Davis were charged with grand larceny of the furnishings.

At the start of appellant's and Davis's joint trial, appellant moved to separate the witnesses, and the trial court granted the motion. The Commonwealth presented its case through the testimony of Moore, Officer Dickerson, and Susan Kirtley, who lived next door to the rental property. Moore

---

[2] Moore and his wife married after the events that gave rise to appellant's grand larceny charge but before appellant's trial. Mrs. Moore is identified in the record only by her married name.

[3] According to Moore, the home was "[c]ompletely furnished. Every room, kitchen dishes, everything."

[4] Moore testified that most of the furnishings from three bedrooms, the living room, and kitchen were missing, as well as various tools and a gas grill. He placed a value of over $2,000 on the missing items. Appellant does not dispute that the items were worth more than $200 as required to support a conviction for grand larceny.

testified that his agreement with appellant was that "if [appellant and his wife] purchased the house, then they could have all the furnishings inside the house." Moore also testified that when he first spoke to appellant after finding the house almost empty, appellant denied taking any of the missing furnishings. Kirtley testified that in February 2012, she saw appellant, his wife, and two relatives removing from the home various articles of furniture, boxes, and other "normal stuff you . . . move when you're moving out." She did not identify Davis as having been involved. Officer Dickerson testified that appellant later admitted taking the items but claimed that they had been "given to him."

At the close of the Commonwealth's case-in-chief, co-defendant Davis moved to strike the evidence, arguing that it failed to prove he had been involved in the taking of any of the missing furnishings. The Commonwealth agreed, and the court granted Davis's motion to strike. On appellant's motion, Davis was then directed to wait "in the backroom with the other witnesses" in case appellant elected to call him as a witness.

During appellant's case-in-chief, he questioned Mrs. Moore about her knowledge of the events surrounding execution of the rental agreement. When asked whether she talked to appellant about the furnishings, Mrs. Moore testified, "I was there when they discussed the fact that if [appellant] purchased the house, he could have the furniture that was in the house."

When appellant attempted to call Davis, his former co-defendant, the prosecutor objected on the ground that Davis had been present in the courtroom during the Commonwealth's case. Appellant stated, "If . . . the Court wants to prohibit [Davis] from testifying for impeachment for the Commonwealth's witnesses, whose testimony he heard, then I won't make any objection to that." Appellant argued, however, that "because [Davis] wasn't present for any of the defense witnesses, then he certainly should be able to testify on those matters." Appellant clarified that the testimony he intended to elicit from Davis would be "about his own behavior or thoughts" or "his own statements or . . . actions." He did not proffer any more specific information.

The Commonwealth responded that appellant could not impeach his own witnesses. In addition, it posited that any testimony from Davis regarding his own actions would be irrelevant because he was no longer a party. Appellant made no further attempt to explain the relevance of Davis's testimony. The trial court then sustained the Commonwealth's objection to Davis's testimony "for the reasons the Commonwealth stated."

At the sentencing hearing, appellant made a written proffer of the testimony from Davis that he had planned to offer during the guilt phase. Appellant's counsel explained that he had "never done this before" and was not sure what would "be acceptable as a procedure." He also stated explicitly, "This is not trying to get this back in[,] as a judgment has been made, just as a basis for the record for appeal, if necessary." The Commonwealth argued that the proffer, in order to have been timely, had to have been made at the time the court ruled on the admissibility of Davis's testimony. Counsel for appellant responded that he had made "some proffer . . . on the record [at trial]."[5]

Appellant and the prosecutor submitted competing trial court memoranda regarding the proffer. Appellant reiterated that the proffer's purpose was "not to assist the trial judge in ruling on the admissibility of the evidence." He acknowledged that Rule 2:103(a) required that he make "a '*contemporaneous* objection' . . . to a ruling of the trial court." He contrasted this, however, with the rule's language in subsection (b) regarding proffers, which requires, regarding

---

[5] The written post-trial proffer states in relevant part as follows:

> Mr. Davis would have testified that he had been present when Edward Moore removed several items from the residence he rented to [appellant], including items Moore later identified as having been stolen from the home. Mr. Davis would have testified that it was his understanding that [appellant] could keep or dispose of the items that were left in the home. He would also testify that Moore had not returned often to the home during the lease period, contradicting Moore's testimony at trial.

excluded evidence, only that "the substance of the evidence was made known to the court by proffer."

The prosecutor again objected on numerous grounds. He argued, *inter alia*, that appellant made an insufficient proffer of the witness' expected testimony during trial, when the court was required to make its ruling regarding admissibility, and that the trial court would have erred if it had considered the relevance of testimony proffered only post-trial.

The trial court ruled that the proffer was untimely and would not be considered. It explained that the proffer made post-trial "could have been useful to the Court in determining [during trial] whether to sustain the Commonwealth's objection[] to the . . . testimony" but "deprived the Court of the opportunity to consider the proffer in a timely manner."

Appellant endorsed the trial court's order as follows:

> Seen and objected to: To the extent that the order reflects or implies that no proffer was made during the trial court [sic], [appellant] respectfully states this is factually incorrect, while acknowledging that the proffers offered to the court in writing were more exhaustive.

## II. ANALYSIS

Appellant contends on appeal that the trial court erred by denying him the right to call Davis as a witness; refusing to accept the proffer of Davis's expected trial testimony that he offered at sentencing merely to "complete the appellate record"; and concluding that the evidence was sufficient to support his conviction. We hold on this record that no reversible error occurred.

*A. Admissibility of Davis's Testimony and Timeliness of the Proffers*

Determining the admissibility of relevant evidence is within the sound discretion of the trial court "subject to the test of abuse of that discretion." Beck v. Commonwealth, 253 Va. 373, 384-85, 484 S.E.2d 898, 905 (1997). "Only when reasonable jurists could not differ can we say an abuse of

discretion has occurred." Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted on reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).

The Commonwealth challenged the admissibility of Davis's testimony on three grounds. It contended Davis could not testify because he was not sequestered during the Commonwealth's evidence. It contended further that appellant was not entitled to impeach his own witness. Finally, it argued that Davis's testimony, as proffered by appellant, was not relevant. The trial court sustained the objection and excluded the evidence "for the reasons the Commonwealth stated," thereby relying on all three grounds to support its ruling. If any one of these grounds supported the exclusion, the trial court did not abuse its discretion. We hold that the trial court did not err in excluding Davis's testimony because appellant's proffer at trial failed to establish its relevance and his post-trial proffer at sentencing was not sufficiently timely to have enabled the trial court to rule on its relevance and admissibility.

Evidence is relevant if it "'tends to cast any light'" on a material point. Ricks v. Commonwealth, 39 Va. App. 330, 334, 573 S.E.2d 266, 268 (2002) (quoting Cash v. Commonwealth, 5 Va. App. 506, 510, 364 S.E.2d 769, 771 (1988)). Before evidence is admitted, its proponent must lay a foundation supporting a finding that it is relevant to the proponent's theory of the case. Cousins v. Commonwealth, 56 Va. App. 257, 264, 693 S.E.2d 283, 286 (2010). The proponent also bears the burden of meeting other foundational requirements to the satisfaction of the trial judge and of opposing any objections raised regarding the admissibility of the evidence. See Neal v. Commonwealth, 15 Va. App. 416, 420, 425 S.E.2d 521, 523 (1992).

As to evidence excluded, Virginia's Rules of Evidence require that the proponent "ma[k]e known" "the substance of the evidence . . . to the court by proffer." Rule 2:103(a)(2); see Ray v. Commonwealth, 55 Va. App. 647, 650 n.1, 688 S.E.2d 879, 881 n.1 (2010). "[M]any trial issues are resolved with proffered evidence, . . . [and] counsel and the trial court must ensure [that such]

proffers contain all of the information necessary" to achieve two purposes: to allow the trial court a fair opportunity "to resolve the issue at trial" and "to provide a sufficient record for . . . review [on appeal]." Albert v. Albert, 38 Va. App. 284, 290 n.1, 563 S.E.2d 389, 392 n.1 (2002). On appeal, the purpose may also be dual: to allow the appellate court to determine whether the trial court erred in excluding the evidence and, if so, whether that error was harmless. See Montgomery v. Commonwealth, 56 Va. App. 695, 706, 696 S.E.2d 261, 266 (2010). These various purposes for proffers are interrelated but not necessarily identical. The appropriate time for making the proffer and the range of content required depend, in part, on the proffer's purpose.

### 1. Mid-Trial Proffer

It is well established that a litigant who opposes the admission of certain evidence has a duty to explain, contemporaneously, why he contends such evidence should be excluded in order to preserve and challenge that exclusion ruling on appeal. See Rule 5A:18. The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials. See, e.g., Perry v. Commonwealth, 58 Va. App. 655, 666-67, 673-74, 712 S.E.2d 765, 771, 774-75 (2011) (holding that an objection to admissibility must be made with specificity when the testimony is given); Ingram v. Commonwealth, 1 Va. App. 335, 341, 338 S.E.2d 657, 660 (1986) (holding that an objection made after the evidence was introduced and the proponent of the evidence rested its case came too late to preserve an admissibility objection for appeal). Although the point is addressed less frequently in Virginia's appellate case law, a litigant who *offers* certain evidence has a similar duty to make clear, in the same contemporaneous fashion, the bases upon which he contends the offered evidence should be *admitted*. See Jones v. Commonwealth, 50 Va. App. 437, 445, 650 S.E.2d 859, 863 (2007) (noting that "post-trial motions regarding [the] admission of evidence generally are not timely" but holding that the defendant raised the admissibility issue adequately at

trial to preserve his argument for appeal under Rule 5A:18); see also Jackson v. Chesapeake & Ohio Ry. Co., 179 Va. 642, 650-51, 20 S.E.2d 489, 492-93 (1942) (citing an earlier version of Rule 5:25, the Supreme Court's contemporaneous objection rule, to hold that the assignment of error was barred because "[the offeror] at no time contended in the trial court that the rejected evidence was admissible for the purpose for which he now contends it was"); Kercher's Adm'r v. Richmond, Fredericksburg & Potomac R.R. Co., 150 Va. 108, 115, 142 S.E. 393, 395 (1928) (uniformly applying an earlier version of Rule 5:25 to "the admission or rejection of . . . evidence"). This duty to assert the bases for admissibility contemporaneously includes the duty to establish the relevance of the evidence if not readily apparent from the context or if challenged by opposing counsel or the court. See Commonwealth v. Shifflett, 257 Va. 34, 42-45, 510 S.E.2d 232, 235-37 (1999); see also Neal, 15 Va. App. at 420-21, 425 S.E.2d at 523-24 (holding that "'[v]ague protestations against excluding [particular] evidence were insufficient to assist the trial judge in making a rational determination [regarding] its admissibility'" (quoting Wright v. Hartford Accident & Indem. Co., 580 F.2d 809, 810 (5th Cir. 1978))).

The Supreme Court of Virginia clarified the application of these principles in Shifflett, 257 Va. at 37, 44, 510 S.E.2d at 233, 237, in which it joined for decision the appeals of two different defendants, Shifflett and Taylor. Each defendant had offered evidence during sentencing at his bifurcated trial that was excluded by the court. In each case, the prosecutor objected to particular evidence the defendant attempted to elicit, arguing that it was not relevant under Code § 19.2-295. In each case, defense counsel stated contemporaneously and generally what testimony he intended to elicit. Id. at 38-41, 510 S.E.2d at 233-35. After each case had been submitted to the fact finder for resolution, defense counsel proffered to the trial court testimony of a nature that was somewhat different from the testimony that he had earlier argued was relevant. Id. at 39, 41-42, 44-45, 510 S.E.2d at 233-34, 235, 237.

The Court of Appeals, in ruling on the defendants' cases, evaluated the evidence proffered post-trial and concluded, based on this evidence, that the respective trial courts' decisions excluding the challenged testimony were error. Id. at 44-45, 510 S.E.2d at 237. The Supreme Court rejected this approach, holding that the Court of Appeals erred in considering the post-trial proffers in reviewing and deciding the admissibility rulings. This was error, the Supreme Court explained, because those particular "bases for admission" were not "urged upon the trial court prior to the submission of the case to the [fact finder] to assess punishment." Id. at 44, 510 S.E.2d at 237 (discussing Shifflett's case); see id. at 45, 510 S.E.2d at 237 (noting that Taylor's appeal "present[ed] a similar problem" and refusing to "use the proffered evidence to decide th[e] appeal" because that evidence was not before the trial court when it ruled on the issue). In deciding the admissibility issues, the Supreme Court concluded that the proffers were "untimely" for purposes of assessing admissibility and reasoned that an "appellate court, in fairness to the trial judge, should not recast the evidence and put a different twist on a question that is at odds with the question presented to the trial court." Id. at 44, 45, 510 S.E.2d at 237; see also Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*) ("Making one specific argument on an issue does not preserve a separate legal point on the same issue for review."), aff'd by unpub'd order, No. 040019 (Va. Oct. 15, 2004).

In short, the Supreme Court has made clear that where a defendant, post-trial, proffers a different, more detailed or additional basis for concluding that evidence offered during trial was relevant and should have been admitted and the trial court rejects that proffer, the appellate court may not consider the contents of the untimely proffer in reviewing the correctness of the trial court's ruling excluding the evidence. Instead, the appellate court may consider only the representations regarding the evidence that the trial court considered, i.e., those made in a timely fashion, *contemporaneously* with the trial court's decision on the admissibility issue. Although the two

- 9 -

cases joined for decision in Shifflett both involved juries, the Court gave no indication that this was a controlling factor in its decision or that a different result would have obtained if the cases had involved bench trials, and we perceive no rational basis for making such a distinction.[6] The Court focused, instead, on "fairness to the trial judge." Shifflett, 257 Va. at 44-45, 510 S.E.2d at 237; cf. Lowery v. Commonwealth, 9 Va. App. 304, 308, 387 S.E.2d 508, 512 (1990) (holding that "'[t]he fact that [the defendant's] trial was by the judge and not a jury, and that the evidence could not be proffered outside the presence of the trier of fact, [was] not sufficient explanation for [the] defendant's failure to proffer'" because the judge is presumed to be capable of disregarding any testimony that he considers improper (quoting Wyche v. Commonwealth, 218 Va. 839, 842, 241 S.E.2d 772, 775 (1978))).

Furthermore, the language in Rule 2:103(a) does not support a different result. That rule states:

> (a) *Admission or exclusion of evidence*. --Error may not be predicated upon admission or exclusion of evidence, unless:
>
> (1) As to evidence admitted, a contemporaneous objection is stated with reasonable certainty as required in Rule 5:25 and 5A:18 . . . ; or
>
> (2) As to evidence excluded, the substance of the evidence was made known to the court by proffer.

---

[6] This Court need not consider whether a different result would obtain if the trial court, either *sua sponte* or at the request of appellant, had treated the post-trial proffer as a motion to reopen, see, e.g., Thomas v. Commonwealth, 62 Va. App. 104, 109-12, 742 S.E.2d 403, 406-07 (2013) (discussing a trial court's discretion to reopen), or to set aside the verdict, see Rule 3A:15(B) (holding that "[i]f the jury returns a verdict of guilty, the court may, on motion of the accused made not later than 21 days after entry of a final order, set aside the verdict for error committed during the trial"); Taylor v. Commonwealth, 58 Va. App. 185, 189, 708 S.E.2d 241, 243 (2011) (recognizing that a motion to set aside the verdict may be made in a bench trial). Here, the trial court, as did both the trial courts in Shifflett, found the proffer was untimely.

Rule 2:103. Rule 2:102 expressly provides that the Rules of Evidence were "adopted to implement established principles under the common law and not to change any established case law rendered prior to the adoption of the Rules."

To the extent Rule 2:103(a) might imply that contemporaneousness is required only in the case of objections to *admissions* of evidence and not to *exclusions*, for which a proffer must be made, Code § 8.01-384 and Shifflett make clear that the rule may not be read in this fashion. See Code § 8.01-3(D) (providing that in the case of conflict between a statute and court rule, the statute prevails); In re Cummins, 19 Va. App. 128, 129, 449 S.E.2d 263, 264 (1994) (holding that "the 'general law' of the Commonwealth prevails over the conflicting Rules of the Supreme Court" (quoting Va. Const. art. VI, § 5)). Code § 8.01-384, which abolishes the requirement of noting formal exceptions to trial court rulings, also provides, in part, that for all purposes for which an exception has previously been required, "it shall be sufficient that a party, *at the time* the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and *his grounds therefor*." Code § 8.01-384(A) (emphases added). Thus, read in conjunction with Shifflett, these principles require the proffer of at least a summary of the witness' expected testimony, sufficient to establish its relevance, contemporaneous with the court's considering its ruling whether to admit or exclude it.[7] Cf. Huff v. White Motor Corp., 609 F.2d 286, 290 n.2 (7th Cir. 1979) (noting that

---

[7] We recognize that tension may exist between a litigant's duty to proffer enough to establish the relevance of testimony during trial and the judge's duty to conduct the trial in an efficient manner. We do not mean to suggest that a mid-trial proffer must include a witness' complete testimony, which, in some cases, might take hours or even days to present. Nevertheless, where admissibility is challenged, the litigant must provide a proffer that is sufficiently detailed to give the trial judge a fair opportunity to resolve the issue correctly and contemporaneously. If a litigant believes his attempt to make a necessary proffer during trial has been unfairly restricted, he should make that known to the trial court and may advance that argument on appeal. See Flanagan v. Commonwealth, 58 Va. App. 681, 694, 714 S.E.2d 212, 218 (2011) (holding that the good cause exception of Rule 5A:18 applies when "'some objective factor external to the defense impeded counsel's efforts to comply with . . . [the] rule'" (quoting

although Federal Rule of Evidence 103(a), which is similar to Virginia Rule of Evidence 2:103(a), "expressly requir[es] that the ground of the objection be stated [contemporaneously in the trial court] if a ruling *admitting* the evidence is to be challenged on review," Federal Rule of Civil Procedure 46, which contains wording almost identical to Code § 8.01-384(A), includes a broader requirement that in order to challenge the *exclusion* of evidence on appeal, the proponent of the evidence must, "'at the time the ruling of the [trial] court is made or sought, make[] known to the court the action which he desires the court to take . . . and his grounds therefor'" (emphasis added) (quoting Fed. R. Civ. P. 46)), cited in Neal, 15 Va. App. at 422, 425 S.E.2d at 524-25 (relying on Huff for a different point).

> The rationale supporting this requirement is clear. Busy trial courts should not be required to repeat trials . . . because the trial judge has excluded evidence for lack of a clear understanding of the proponent's purpose in offering the evidence. The trial judge must be put on notice of the purpose for which the evidence is offered while there is still time to remedy the situation. It is the proponent's duty, not . . . the trial court['s], to clearly articulate the purpose for which the evidence is offered.

Reese v. Mercury Marine Div. of Brunswick Corp., 793 F.2d 1416, 1421 (5th Cir. 1986) (applying Huff to a jury trial); see Polys v. Trans-Colo. Airlines, Inc., 941 F.2d 1404, 1406, 1408-09 & n.4 (10th Cir. 1991) (applying Reese to a bench trial); see also Barner v. Pilkington N. Am., Inc., 399 F.3d 745, 749 (6th Cir. 2005) (on appeal following a jury trial, relying in part on Reese and holding that a party responding to a motion to exclude evidence "must not only make an offer of proof to preserve the issue for appeal[] but must also indicate why the evidence is admissible").

---

Murray v. Carrier, 477 U.S. 478, 488 (1968))); cf. Code § 8.01-384(A) (providing that "if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him on motion for a new trial or on appeal"). Here, appellant made his more detailed proffer in three sentences submitted post-trial, an act that would not have been time-consuming had he attempted to provide it during trial, and he does not contend that his ability to proffer the relevance of the testimony was restricted in any way during trial.

In the instant case, like in Shifflett, appellant made two different proffers: He made a contemporaneous proffer at trial regarding the bases on which he contended that Davis's testimony was relevant. He then made a second proffer after appellant had been convicted. The post-trial proffer of Davis's expected testimony was both more detailed and slightly different than what appellant had proffered contemporaneously. Also, in making the post-trial proffer, appellant specifically stated that his purpose was "not to assist the trial judge in ruling on the admissibility of the evidence." He indicated, instead, that the proffer was "just as a basis for the record for appeal, if necessary, [regarding] what the excluded evidence [would have been]." He did not ask the trial court to revisit its mid-trial ruling excluding Davis's testimony. See supra note 6.

Here, like in Shifflett, the trial court rejected the post-trial proffer as untimely for purposes of its mid-trial ruling on the admissibility of the witness' testimony. Thus, here, in obedience to Shifflett's very clear directive, we may not consider the late-proffered evidence in determining whether the court's mid-trial ruling excluding Davis's testimony was error. See Shifflett, 257 Va. at 38, 510 S.E.2d at 233 ("We . . . adhere strictly to the content of the records made in the respective trial courts, a practice not followed . . . by the Court of Appeals . . . ."). Instead, we examine what the trial court had been told about Davis's testimony at the time it ruled that the proffered testimony was inadmissible.

Appellant averred during trial that Davis would testify about "his own behavior or thoughts" or "his own statements or . . . actions." The Commonwealth responded that this testimony simply was not relevant because Davis was no longer a party. Appellant neither made a response nor offered any explanation for that assertion. The trial court concluded that appellant's description of Davis's expected testimony at trial was insufficient to establish the relevance of such evidence. We hold that the trial court's contemporaneous assessment of relevance was not an abuse of its discretion and, thus, was not error.

Different from appellant's post-trial proffer, appellant did not state contemporaneously that Davis had any knowledge regarding the agreement between him and Moore concerning the furnishings. Appellant's proffer that Davis would testify about his own behavior, thoughts, statements or actions was insufficient to alert the court to his later claim that Davis "underst[ood]" Moore had given appellant the furnishings even though appellant had not bought the house.[8]

Appellant also did not assert or articulate contemporaneously that Davis would testify he saw Moore take from the home particular furnishings that Moore later claimed appellant had taken. Appellant's general contemporaneous proffer mentioning Davis's behavior, thoughts, statements or actions was insufficient to alert the court that Davis had direct knowledge about this particular issue.

Finally, to the extent appellant proffered post-trial that Davis could have given testimony "contradicting Moore's testimony at trial" that he had returned to the home often during the lease period, appellant may not challenge that point on appeal. Appellant specifically stated at trial that he would not object to the Commonwealth's request "to prohibit [Davis] from testifying for impeachment of the Commonwealth's witnesses, whose testimony [Davis] heard [while he was still a defendant]." Settled principles provide that "'[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory.'" Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164 (2009) (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006)). Therefore, appellant may not now object on that ground. In any event, even if appellant had not made this concession at trial, his contemporaneous proffer referencing Davis's behavior, thoughts, statements or actions was not shown to be relevant to the issues being litigated.

---

[8] Even appellant's post-trial proffer did not clearly indicate that Davis's testimony about his knowledge would have been admissible. That proffer stated merely that "it was [Davis's] understanding that [appellant] could keep or dispose of the [furnishings] left in the home." The proffer did not indicate whether Davis's "understanding" was based on personal knowledge or hearsay and, if the latter, on what basis it might be admissible. See generally Rules 2:801 to 2:804.

In sum, based on appellant's contemporaneous proffer of Davis's expected testimony to the trial court, we hold the court did not abuse its discretion in refusing to allow appellant to call Davis as a witness.

## 2. *Post-Trial Proffer*

Regarding the trial court's refusal of appellant's post-trial proffer, we assume without deciding that the trial court erred in excluding it because appellant explicitly stated that he made the proffer purely for purposes of appeal. See Lowery, 9 Va. App. at 308, 387 S.E.2d at 510 (holding that a proffer may be made "either during trial or after the verdict" when its only purpose is "to provide a complete record for appeal[] and not to assist the trial judge in ruling on the admissibility of evidence").[9] Nevertheless, we conclude that any error was harmless on the facts of this case. See Code § 8.01-678 (providing that a judgment shall not be reversed for "any . . . defect . . . [or] error committed on the trial" if it "plainly appears from the record and the evidence . . . that the parties have had a fair trial on the merits and substantial justice has been reached"). Because we hold, based on the verbal proffer appellant made contemporaneously with the trial court's ruling excluding Davis's testimony, that the court did not err, we need not review the post-trial proffer to determine whether the admission of Davis's testimony would have affected the outcome of the case. Even if such review had been necessary, the trial court retained the rejected proffer in the record, making it available for our review on appeal. Thus, any error in refusing the proffer for the limited purpose of appeal was harmless.

## B. *Sufficiency of the Evidence*

Appellant argues the evidence was insufficient to support his conviction for grand larceny. On appeal, "'we review the evidence in the light most favorable to the Commonwealth,

---

[9] The Supreme Court, in deciding Shifflett, did not address the issue of a post-trial proffer made for the limited purpose of providing a complete record for appellate review. Therefore, Shifflett does not govern our analysis of this issue.

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). When considering the sufficiency of the evidence, "[i]t is the appellate court's duty to examine the evidence that tends to support the conviction and to uphold the conviction unless it is plainly wrong or without evidentiary support." Carter v. Commonwealth, 280 Va. 100, 104, 694 S.E.2d 590, 593 (2010). "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to the[] testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*).

"[L]arceny is a common law crime . . . defined . . . as 'the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently.'" Carter, 280 Va. at 104-05, 694 S.E.2d at 593 (internal quotation marks omitted) (quoting Skeeter v. Commonwealth, 217 Va. 722, 725, 232 S.E.2d 756, 758 (1977)). Intent, like any element of a crime, may be proved by circumstantial evidence as long as that evidence excludes all reasonable hypotheses of innocence flowing from it. E.g., Simon v. Commonwealth, 58 Va. App. 194, 206, 708 S.E.2d 245, 251 (2011). Circumstantial evidence of intent may include a person's statements and conduct, including those "after the events that constitute the charged crime." Id.

Appellant asserts that Moore gave him permission to keep the furnishings regardless of whether he purchased the home and, thus, that he lacked the intent to steal them. Moore denies this assertion. Whether Moore gave appellant the furnishings unconditionally or only if he fulfilled the lease-purchase agreement was a factual dispute that the trial court understandably

resolved in favor of the Commonwealth. We hold the evidence was sufficient to prove that appellant committed the charged offense.[10]

According to Moore, he gave appellant and his wife "permission to have the property if they purchased the house." Mrs. Moore corroborated her husband's testimony, stating the parties agreed that if appellant and his wife purchased the house, they could keep the furniture. It is undisputed that appellant did not purchase the home.

The trial court, which had the opportunity to see and hear the witnesses, found that "Mr. Moore testified in . . . a fairly straightforward and honest manner." The court further found that Moore's agreement with appellant was that "if [appellant] bought the house, then the furni[shings] would go with it" and that no one told appellant that he "could just have the stuff." The court credited Moore's testimony that he called appellant to ask him about the furnishings after he discovered they were missing and that appellant told Moore that he did not take the furnishings. It also credited Officer Dickerson's testimony that appellant admitted taking the furnishings. The trial court found the contradiction between appellant's statements to Moore and Officer Dickerson were "significant," and it concluded that appellant "just decided to take the things with him" when he moved out of the house.

The Commonwealth's evidence supported a finding that appellant took Moore's furnishings without his permission and with an intent to steal them. The trial court weighed the evidence and found the Commonwealth's witnesses to be more credible than appellant's witnesses. Therefore, the trial court did not err in finding appellant guilty of grand larceny.

_____

[10] The Commonwealth argues that appellant did not preserve his assignment of error regarding the sufficiency of the evidence. In a bench trial, at the conclusion of all the evidence, the defendant must make a motion to strike, present an appropriate argument in summation, or make a motion to set aside the verdict, in order to preserve the question of the sufficiency of the evidence. See Howard v. Commonwealth, 21 Va. App. 473, 478, 465 S.E.2d 142, 144 (1995). Appellant argued in his closing argument to the trial court that the evidence was insufficient to convict him of grand larceny; therefore, he preserved this assignment of error for appeal.

### III. CONCLUSION

We hold, based on appellant's contemporaneous proffer of Davis's expected testimony, that the court did not abuse its discretion in refusing to allow appellant to call him as a witness. We hold further that if the trial court erred in refusing to accept appellant's post-trial proffer, which he specifically offered for purposes of appeal only, any such error was harmless on the facts of this case. Finally, we conclude that the evidence was sufficient to prove the disputed elements of the offense—that appellant took the property without the consent of the owner and with the intent to steal. Therefore, we affirm appellant's conviction.

<u>Affirmed.</u>