COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Raphael and Callins

BRIAN ODELL BAILEY

MEMORANDUM OPINION[*]
v.      Record No. 1810-22-3                PER CURIAM
                                            OCTOBER 17, 2023
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(Steven Shareff, on brief), for appellant.

(Jason S. Miyares, Attorney General; Angelique Rogers, Assistant
Attorney General, on brief), for appellee.

Brian Odell Bailey appeals an order of the Circuit Court of Rockingham County revoking

his previously suspended sentence. Bailey argues that the trial court abused its discretion in

sentencing him to active incarceration for failing to pay court costs without determining whether

he could pay. He also argues that the trial court erred in sentencing him to active incarceration

for a first technical violation and in revoking his entire suspended sentence. After examining the

briefs and record, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the trial

court's judgment.

BACKGROUND

In March 2022, following his conviction for violating a protective order, the trial court

sentenced Bailey to 12 months' incarceration with all but 1 day suspended. The conditions of his

suspended sentence included supervised probation and a $50 monthly payment to cover court

_____
[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

costs. But the probation officer soon asked the Commonwealth to place the case on the docket because Bailey was "not amenable to [s]upervised [p]robation."

Bailey's probation officer testified at the revocation hearing. She characterized Bailey as "argumentative" and described a voicemail he left for her in which he said "[t]his crazy bitch never answers the phone." She noted that although she had discussed Bailey's court costs with him several times, he had made no payments as of June 6, 2022. The trial court clerk then advised the court that Bailey had made a $61 payment in August 2022.

The trial court found that Bailey violated the terms of his probation and suspended sentence. The Commonwealth asked the trial court to revoke the entirety of Bailey's suspended sentence and remove him from supervision. Bailey asked for a second chance; he told the court that he had reported to the probation office every time he needed to, tested negative for drugs, filled out all necessary paperwork, and did not pick up any new charges. He also apologized for his behavior.

The trial court stated that it had "considered the totality of the evidence," including Bailey's allocution, and noted that it had heard no "evidence that [Bailey was] unable to pay the court costs in the case." It found that Bailey would "not . . . comply with any conditions" and revoked the rest of his suspended sentence, totaling 11 months and 29 days.

ANALYSIS

"On an appeal of a probation revocation, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022) (quoting *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022)). "Subject to the provisions of § 19.2-306.2, . . . the [trial] court may revoke the suspension of a sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code

§ 19.2-306(A).  "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1."  Code § 19.2-306(C).  If the trial court finds that the defendant "has violated another condition other than (i) a technical violation or (ii) a good conduct violation that did not result in a criminal conviction, then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended."  Code § 19.2-306.1(B).

### A.  *Bailey failed to preserve his first assignment of error (Assignment of Error 1).*

Bailey argues that "the lower court failed to make a factual inquiry into [his] ability to pay the court costs," as required under *Bearden v. Georgia*, 461 U.S. 660 (1983), and *Smallwood v. Commonwealth*, 300 Va. 426 (2022).

To be sure, "*Bearden* requires that the circuit court inquire into whether an individual has the ability to make the required payments."  *Smallwood*, 300 Va. at 433.  But "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."  Rule 5A:18.  "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials."  *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015).

Bailey did not object in the trial court to the court's failure to inquire into his ability to pay.  Nor do Rule 5A:18's exceptions apply here.  Bailey "does not invoke the good cause or ends of justice exceptions . . . , and the Court will not apply the exceptions *sua sponte*."  *Hogle v.*

- 3 -

*Commonwealth*, 75 Va. App. 743, 756 (2022). Rule 5A:18 therefore bars our consideration of Bailey's first assignment of error.[1]

### B. *Bailey's second assignment of error is insufficient (Assignment of Error 2).*

Bailey next argues that the trial court erred in sentencing him to a period of active incarceration for his "first probation violation[] for a technical violation and/or for violating his good behavior obligation, where the good behavior violation did not result in a criminal conviction." But the trial court sentenced Bailey based on his failure to pay court costs as previously ordered. The trial court was correct that disobeying its order was not a technical violation under Code § 19.2-306.1(A), but "a special condition violation which takes it out of the statute regarding technical violations and good behaviors that aren't charged."

Under Rule 5A:20(c)(2), "[a]n assignment of error that does not address the findings, rulings, or failures to rule on issues in the trial court . . . is not sufficient." And "[i]f the assignment[] of error [is] insufficient, the appeal will be dismissed." Rule 5A:20(c)(2). Because Bailey failed to address the trial court's ruling, we do not consider this assignment of error.

### C. *The trial court did not abuse its discretion in revoking the balance of Bailey's suspended sentence (Assignment of Error 3).*

Finally, Bailey "asserts that the [trial c]ourt's imposition of an 11 month, 29 day active jail sentence upon a defendant for failing to pay $806.00 in court costs and for being rude to his probation officer is a clear error in judgment."

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Green*, 75 Va. App. at 76 (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)). This Court will find an abuse

---

[1] To the extent Bailey claims that he preserved the argument when he referenced his inability to perform community service because of his disability, we note that "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review." *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc).

- 4 -

of discretion only when "reasonable jurists could not differ." *Hicks v. Commonwealth*, 71 Va. App. 255, 275 (2019) (quoting *Campos v. Commonwealth*, 67 Va. App. 690, 702 (2017)). Having found that Bailey violated the terms of his supervised probation, the trial court could revoke his suspended sentence and "impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). And under Code § 19.2-306.1(B), the trial court was authorized to "impose or resuspend any or all of" the previously suspended sentence.

We find no abuse of discretion. "Because of the type of charge" underlying his conviction, a jury's finding that he had previously violated court orders, and the evidence presented during the revocation hearing, the trial court reasonably determined that Bailey was not amenable to rehabilitation. The trial court was not required to resuspend any of Bailey's sentence, and we find no error in its decision not to do so.

## CONCLUSION

None of Bailey's arguments warrants reversing the trial court's judgment.

*Affirmed.*