COURT OF APPEALS OF VIRGINIA

Present:   Judges Fulton, Callins and Senior Judge Humphreys
Argued at Christiansburg, Virginia

UNPUBLISHED

KARY LEE TAYLOR, JR.

MEMORANDUM OPINION* BY
v.        Record No. 1517-24-3          JUDGE DOMINIQUE A. CALLINS
                                                        SEPTEMBER 9, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
Timothy W. Allen, Judge

(Annie P. Spence; Annie P. Spence, P.C., on brief), for appellant.
Appellant submitting on brief.

Anderson W. Peake, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Upon his guilty plea, the trial court convicted Kary Lee Taylor, Jr., of possession of a

controlled substance with the intent to distribute in violation of Code § 18.2-248.  In accordance

with the written plea agreement, the trial court sentenced Taylor to eight years of incarceration with

six years and four months suspended.  The court also imposed a special condition of probation

requiring Taylor to abstain from the use of marijuana.  On appeal, Taylor contends that the trial

court abused its discretion by imposing the marijuana prohibition.  Finding that Taylor has waived

his argument under Rule 5A:18, we affirm the trial court's judgment.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

The facts are undisputed.[2]  On June 26, 2023, Franklin County Sheriff's Investigator G. Wickline saw a car crossing the double yellow line multiple times and initiated a traffic stop. Sergeant Knight and Deputy Custer assisted, and Sergeant Knight's police canine alerted on the car. Based on the alert, the officers searched the car.  On the front passenger floorboard, in front of where Taylor had been sitting, the police found a pill bottle containing several off-white rock-like substances.

Upon searching Taylor's person, the police found a clear baggie with a residue that Taylor admitted was crack cocaine.  He did not claim ownership of the pill bottle.  The car's driver and back seat passenger also denied knowledge of the pill bottle.  Testing confirmed that the substance in the bottle was 11.95 grams of cocaine.

On April 30, 2024, Taylor appeared before the court for his plea hearing.  After a thorough plea colloquy, the trial court found that Taylor entered his guilty plea freely and voluntarily.  The court accepted the plea, found Taylor guilty, and sentenced him in accordance with the plea agreement.  The trial court prohibited Taylor from using marijuana, noting that Franklin County has a "zero tolerance" policy for illegal drugs and marijuana.  Taylor did not object to this special condition requiring Taylor to abstain from marijuana.  Taylor appeals.

---

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Meade v. Commonwealth*, 74 Va. App. 796, 802 (2022) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). "Viewing the record through this evidentiary prism requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Yerling v. Commonwealth*, 71 Va. App. 527, 530 (2020) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 323-24 (2018)).

[2] At the plea hearing on April 30, 2024, the Commonwealth proffered an agreed upon statement of facts.

ANALYSIS

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Clark v. Commonwealth*, 78 Va. App. 726, 766-67 (2023) (alterations in original) (quoting *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015)). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019).

In Taylor's sole assignment of error on appeal, he contends that the trial court abused its discretion "when it made as a condition of [Taylor's] probation that he abstain from the use of marijuana." But Taylor did not object to this condition. Neither did Taylor file any written objections or post-hearing pleadings contending that the trial court improperly made this condition. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." *Aponte v. Commonwealth*, 68 Va. App. 146, 163 n.8 (2017) (quoting *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998)). Additionally, Taylor has not argued that any exceptions to Rule 5A:18 apply, and we do not invoke them sua sponte. *See Spanos v. Taylor*, 76 Va. App. 810, 827-28 (2023). Because Rule 5A:18 precludes our review of this issue, we affirm the trial court's decision.

CONCLUSION

For the foregoing reasons, this Court affirms the trial court's judgment.

*Affirmed.*