COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges O'Brien, AtLee and Senior Judge Petty
Argued by videoconference


SIMON DEWITT COBBS

                                                    MEMORANDUM OPINION* BY
v.          Record No. 1409-24-1                    JUDGE WILLIAM G. PETTY
                                                    MARCH 10, 2026
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Holly B. Smith, Judge

Charles E. Haden for appellant.

Aaron J. Campbell, Senior Assistant Attorney General (Jason S.
Miyares,[1] Attorney General, on brief), for appellee.


Following a jury trial, the trial court convicted Simon Dewitt Cobbs of abduction, assault

and battery,[2] two counts of violating a protective order, third or subsequent offense, and assault

and battery of a family or household member. The court sentenced Cobbs to 20 years and 24

months of incarceration and suspended all but 5 years and 18 months. On appeal, Cobbs argues

that the evidence was insufficient to prove that he committed abduction.[3] For the following

reasons, we affirm his conviction.

_____

* This opinion is not designated for publication. See Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[2] Cobbs was charged with strangulation; the jury found him guilty of the lesser included
offense of assault and battery.

[3] Cobbs does not challenge his other convictions on appeal.

BACKGROUND[4]

Cobbs and N.M. have a daughter, S.C. In March 2022, a juvenile and domestic relations court granted N.M. a protective order against Cobbs. Cobbs violated the protective order three times in 2022. In May 2023, while the protective order was still in effect, N.M. allowed Cobbs to have contact with her. In July 2023, N.M. let Cobbs stay with her at her James City County home for a few weeks.

At the end of July, N.M. and her mother, Kristen Nieto, traveled to Tennessee for a concert, and Cobbs stayed at N.M.'s house and watched S.C. Due to a lack of service at the concert, N.M.'s and Cobbs's phone and video calls would not connect. Cobbs sent N.M. a text message saying, "Imma slap tf out u for playing wit me my [expletive]."

N.M. and Nieto returned to James City County at around 2:00 a.m. on July 31. Fearful that Cobbs would harm her, N.M. contacted the police and Cobbs's mother to escort Cobbs out of the home. N.M., Nieto, and the police officer waited outside the house while Cobbs's mother entered the house and awakened him. Cobbs left, and Nieto stayed the night with N.M. and S.C.

The next morning, Nieto left N.M.'s house at around 8:00 a.m. Soon after, while N.M. and S.C. were in N.M.'s bedroom, Cobbs appeared in the bedroom, got on top of N.M., and asked repeatedly why she called the police on him. S.C. ran out of the bedroom.

N.M. got up and told Cobbs she was going to check on S.C. Instead, wearing only a t-shirt and underwear, and in fear for her life, N.M. ran out the front door towards her landlord's

---

[4] We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we discard any evidence that conflicts with the Commonwealth's evidence, and regard as true all the credible evidence favorable to the Commonwealth and all inferences that can be fairly drawn from that evidence. *Cady*, 300 Va. at 329.

house.  Cobbs "caught up to [her] and carried [her] back to the house."  N.M. tried to get away, but Cobbs overpowered her.

Cobbs "started pushing [N.M.] all over the house" and then shoved her into a window, causing it to break.  Eventually N.M. hit the wall and fell to the ground.  She tried to text her sister to call 911, but Cobbs prevented it.  He choked N.M. and took her cellphone, then grabbed a knife from the kitchen and held it to N.M.'s throat.  Cobbs screamed at N.M. to put on shorts and told her they were leaving.  N.M. did not want to go, but Cobbs told her to carry S.C. to the car and he followed her every move.

Moments into the drive, the car shut off from electrical problems.  N.M. "jumped out of the car and ran into the middle of the road and was screaming" for someone to call the police.  Heather Dickens, who was parked nearby, drove towards the disabled vehicle.  N.M. jumped into Dickens's car, told her to call 911, and said that S.C. was still in the car with Cobbs.  Dickens exited her vehicle and got S.C. from the other car.  Cobbs stated he could not be there when the police arrived; he placed N.M.'s cellphone on top of Dickens's car and left the scene.

On August 26, 2023, Cobbs placed two calls to N.M. from the jail, in violation of the protective order.

At trial, Cobbs testified in his defense.  He stated that when N.M. ran out of the house, he and S.C. followed her and found her crying in the road.  Cobbs denied forcing N.M. back into the house and testified that he stuck out his hand for N.M. and she "stood up and jumped on" him and he carried her to the house.  Cobbs admitted that he shoved N.M., and she fell backwards into the window.  He denied holding a knife to N.M.'s neck and denied kidnapping her; he claimed that he and N.M. agreed to drive to "the water."

The jury found Cobbs guilty of abduction, assault and battery, two counts of violating a protective order, third or subsequent offense, and assault and battery on a family or household member. This appeal followed.

ANALYSIS

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). "Thus, 'it is not for this [C]ourt to say that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt because as an original proposition it might have reached a different conclusion.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)).

The only relevant question for this Court on review "is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"Any person who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes another person with the intent to deprive such other person of his personal liberty" is guilty of abduction. Code § 18.2-47(A). Cobbs asserts that the evidence was insufficient to prove that he detained N.M., because the detention was only

"momentary," and once the car broke down, "he allowed N.M. to . . . depart from the scene." But it is well recognized that "the statutory offense is complete upon 'the physical detention of a person, with the intent to deprive him of his personal liberty, by force, intimidation, or deception.'" *Lawlor v. Commonwealth*, 285 Va. 187, 224 (2013) (quoting *Scott v. Commonwealth*, 228 Va. 519, 526 (1984)). "The abduction statute does not contain a temporal requirement, which means a victim can be detained under the statute even if only for the briefest of moments." *Brown v. Commonwealth*, 74 Va. App. 721, 732-33 (2022).

The evidence demonstrated that Cobbs committed two acts of abduction—first, when he ran after N.M. and forcefully carried her back into the house against her will, and second, when he forced N.M. to get into the car. The jury was free to reject Cobbs's testimony that N.M. voluntarily reentered the home and later got into the car of her own free will. *See Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998) ("In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."). N.M. testified that she ran out of the house in only a t-shirt and underwear because she was in fear for her life. She stated she did not want Cobbs to carry her back inside and that she tried to fight him off, but he was stronger. N.M. also testified that, following the physical altercation inside the house, she did not want to get into the car, but Cobbs followed her every move. The fact that Cobbs's detention of N.M. in the car was only "momentary" does not bear the weight Cobbs assigns it, because the abduction was complete once Cobbs detained N.M. in the vehicle. *See id.*

Cobbs also argues that "[t]o the extent [N.M.] was detained," that detention "did not go beyond the detention inherent in the act of committing an assault and battery." At trial, however, Cobbs only argued that the evidence was insufficient to prove "that by force, threat, intimidation

or deception" Cobbs "transported and detained N.M." He did not raise the specific argument that he makes in this Court.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015).

In the trial court, Cobbs did not raise the argument that the detention was incidental to the commission of another crime, so the trial court had no opportunity to rule on this contention. Accordingly, Rule 5A:18 bars us from reaching the merits of this aspect of Cobbs's argument. Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, Cobbs has not invoked either exception, and we do not consider them sua sponte. *Spanos v. Taylor*, 76 Va. App. 810, 827-28 (2023).

Because the evidence was sufficient to prove that Cobbs detained N.M. using force and intimidation, with the intent to deprive her of her personal liberty, the trial court did not err by denying his motion to strike and convicting him of abduction.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*