# COURT OF APPEALS OF VIRGINIA

**Record No. 1777-24-2**

NATHANIEL JUNIUS BOYD-GOODE
v.
COMMONWEALTH OF VIRGINIA

Present: Judges Causey, Chaney and White

Opinion Issued April 7, 2026[*]

**FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY**
S. Anderson Nelson, Judge

(Alanna Meek, Assistant Public Defender, on brief), for appellant.

(Jason S. Miyares,[1] Attorney General; Kelly L. Sturman, Assistant Attorney General, on brief), for appellee.

**MEMORANDUM OPINION**
**PER CURIAM**

Sitting without a jury, the trial court found Nathaniel Junius Boyd-Goode guilty of possession of a firearm by a convicted violent felon in violation of Code § 18.2-308.2. The court sentenced Boyd-Goode to five years of incarceration. On appeal, Boyd-Goode argues that the evidence was insufficient to support the conviction. For the following reasons, we affirm.[2]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[2] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the dispositive issue or issues have been authoritatively decided, and the appellant has not argued that the case law should be overturned, extended, modified, or reversed." *See* Code § 17.1-403(ii)(b); Rule 5A:27(b).

BACKGROUND[3]

On August 4, 2021, Corporal Josh Watts was on routine patrol in Mecklenburg County when he received a call to report to Winston Johnson's residence for a welfare check. At the residence, Watts noticed a white vehicle in the yard with "a couple [of] bullet holes." Watts inspected the vehicle and observed an "AR-15 style rifle" in plain view in the backseat. Johnson told Watts that Boyd-Goode owned the vehicle. Watts then spoke with Boyd-Goode, who confirmed that he owned the car and that he had purchased it from his cousin.[4] In addition, Boyd-Goode told Watts he owned the rifle and that he was a convicted felon.[5]

At trial, however, Boyd-Goode testified that Johnson owned the vehicle and the firearm. He claimed that he had planned to purchase the vehicle but never did and that only Johnson possessed a set of keys. Boyd-Goode stated he had "no idea" why he told the officers the vehicle and firearm belonged to him. On cross-examination, he testified that the officers had woken him up, so he "might have gotten little things confused."

The trial court rejected Boyd-Goode's testimony and found him guilty of possession of a firearm by a convicted violent felon. This appeal followed.

---

[3] We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we discard any evidence that conflicts with the Commonwealth's evidence, and regard as true all the credible evidence favorable to the Commonwealth and all inferences that can be fairly drawn from that evidence. *Cady*, 300 Va. at 329.

[4] During cross-examination, Watts reiterated that Boyd-Goode "stated the vehicle was his" and that he did not "check and find out whether or not it was registered."

[5] At trial, the Commonwealth presented evidence of Boyd-Goode's prior felony conviction.

ANALYSIS

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). "Thus, 'it is not for this [C]ourt to say that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt because as an original proposition it might have reached a different conclusion.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)).

The only relevant question for this Court on review "is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Boyd-Goode first asserts that the evidence was insufficient to prove that the rifle was a firearm by definition. But Boyd-Goode never made this argument in the trial court, and any such argument on appeal is barred by Rule 5A:18.[6] Although Rule 5A:18 contains exceptions for good

---

[6] "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015).

cause or to meet the ends of justice, Boyd-Goode has not invoked either exception, and we do not consider them sua sponte. *Spanos v. Taylor*, 76 Va. App. 810, 827-28 (2023).

It is unlawful for "any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm or ammunition for a firearm." Code § 18.2-308.2(A). "Possession can be either actual or constructive." *Garrick*, 303 Va. at 183.

"Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Welch v. Commonwealth*, 79 Va. App. 760, 767 (2024) (alterations in original) (quoting *Dalton v. Commonwealth*, 64 Va. App. 512, 526 (2015)). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)).

Without disputing his prior conviction for a felony, Boyd-Goode argues that the evidence was insufficient to prove that he possessed the rifle. He maintains that Johnson owned and had exclusive possession of the vehicle and the firearm and reiterates that he "might have gotten little things confused" when speaking with the officers.

The trial court rejected Boyd-Goode's testimony, finding it completely "at odds" with what he told the officers. The evidence established that Boyd-Goode admitted that he owned both the vehicle and the rifle found in the backseat. The evidence was therefore sufficient to prove beyond a reasonable doubt that Boyd-Goode possessed the firearm and that he was guilty of violating Code § 18.2-308.2.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*