Present:  Hassell, C.J., Koontz, Kinser, Lemons, Goodwyn, and Millette, JJ., and Russell, S.J.

WASEEM ALI

OPINION BY
v.  Record No. 092461     SENIOR JUSTICE CHARLES S. RUSSELL
November 4, 2010
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

This is an appeal from convictions of robbery and grand larceny from the person.  It presents three questions:  (1) whether the evidence was sufficient to support the conviction of robbery, (2) whether the defendant could properly be convicted of both crimes when the evidence showed the commission of a single act, and (3) whether the "ends of justice" exception to Rule 5A:18 should have been invoked to permit the defendant to raise question (2) for the first time on appeal.

Facts and Proceedings

Applying familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial.  On May 20, 2007, at about 11:30 p.m., a man later identified as Waseem Ali entered a convenience store located on Route 1 in Stafford County.  When Ali entered, the only others present were the store manager, Pauline J. Kessler (Pauline), who was working in the back office, Pauline's 23-year-old daughter, Tara

Kessler (Tara), who was in the retail part of the store behind the counter, near the cash register, and Timothy Gabel and his wife, employees who were behind the cooler, stocking it with cold drinks.

Ali approached Tara and asked for a cigar that was displayed behind the counter. Tara retrieved the cigar, gave it to Ali, and accepted a dollar bill from him in payment. As she opened the cash register to deposit the dollar, Ali reached across the counter into the cash register drawer and attempted to grab a handful of currency. Tara tried to prevent him from taking the money by holding on to it as best she could. She testified that she was "scared" and "didn't know what was going to happen. I had never been robbed before." She held on to the money and the two struggled for it. Tara "screamed" for her mother. Pauline looked at the monitor that was connected to the store's surveillance camera and saw Ali "[p]hysically attacking [Tara]." Pauline ran out into the store. Ali, seeing her coming, finally "yanked" the money away from Tara and ran out of the store with it. Photographs recorded by the surveillance camera, showing Ali reaching toward the cash drawer and Tara and Ali struggling over the money, were admitted in evidence.

Pauline, with Timothy Gabel, who had heard the commotion, pursued Ali into the parking lot, where he escaped in a white

2

station wagon.  An emergency services ("911") dispatcher later informed Pauline that Ali had wrecked the station wagon within minutes after leaving the scene and had been apprehended.

At a jury trial in the Circuit Court of Stafford County, Ali was convicted of robbery, grand larceny from the person, reckless driving, and driving while license revoked, third or subsequent offense.  In accordance with the jury's verdict, he was sentenced to 12 years for robbery, five years for grand larceny from the person, and 18 months for the two driving offenses.  Ali appealed the convictions to the Court of Appeals, which affirmed the circuit court's judgment by memorandum opinion.  Ali v. Commonwealth, Record No. 1650-08-4 (Nov. 10, 2009).  Ali petitioned this Court for an appeal.  We awarded him an appeal limited to his convictions for robbery and grand larceny from the person.

## Analysis

Robbery is a common law crime in Virginia.  It is defined as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation."  Durham v. Commonwealth, 214 Va. 166, 168, 198 S.E.2d 603, 605 (1973).  The element of violence need only be slight.  "[A]nything which calls out resistance is sufficient."  Maxwell v. Commonwealth, 165 Va.

3

860, 864, 183 S.E. 452, 454 (1936) (quoting Houston v. Commonwealth, 87 Va. 257, 264, 12 S.E. 385, 387 (1890)).

We recently considered the circumstance in which the victim engaged in a struggle with a would-be thief to prevent a taking or asportation of property. We explained that

> [w]here the owner of personal property, or another having custody or constructive possession of the same, interposes himself to prevent a thief from taking the property, and the force and violence used to overcome the opposition to the taking is concurrent or concomitant with the taking, the thief's action constitutes robbery.

Commonwealth v. Jones, 267 Va. 284, 289, 591 S.E.2d 68, 71 (2004).

In the present case, there was sufficient evidence to support the jury's conclusion that the taking of money was accomplished by intimidation as well as by violence. Accordingly, we hold that the evidence was sufficient to support the conviction of robbery.

Ali contends that he cannot lawfully be found guilty of both robbery and grand larceny from the person because both are based upon the same conduct. Ali concedes that robbery and grand larceny from the person are distinct offenses for the purposes of analysis under the Blockburger test. That test, expressed in Blockburger v. United States, 284 U.S. 299 (1932), provides that when a single act violates two separate criminal statutory provisions, convictions for both crimes

4

will not offend the constitutional guarantees against double jeopardy if each crime requires proof of an element that the other does not.  Id. at 304.

We held in Commonwealth v. Hudgins, 269 Va. 602, 611 S.E.2d 362 (2005), that the crimes of robbery and grand larceny from the person were separate and distinct under the Blockburger analysis because an essential element of robbery – violence or intimidation – is not an element of grand larceny from the person, while an essential element of grand larceny from the person – proof of value – is not an element of robbery.  Id. at 606, 611 S.E.2d at 365.  For the same reason, we held that grand larceny from the person is not a lesser-included offense of robbery.  Id. at 608, 611 S.E.2d at 366.

Ali further concedes that under our holding in Phillips v. Commonwealth, 257 Va. 548, 514 S.E.2d 340 (1999), the "statutory double jeopardy" provisions of Code § 19.2-294 do not preclude convictions of two crimes for a single act if the prosecutions are simultaneous rather than successive. Instead, he argues that his convictions for two crimes resulting from a single act, under the facts of the present case, arise entirely from the adoption by the Commonwealth of two mutually inconsistent and contradictory theories:  (A) that Ali was guilty of robbery because he took the money by force or intimidation and (B) that Ali was also guilty of

5

grand larceny from the person because he took the money without force or intimidation.

Ali cites Bradshaw v. Stumpf, 545 U.S. 175, 187-88 (2005), for the proposition that reliance by the prosecution on an inconsistency "at the core" of the prosecution's case may, if prejudicial to the defendant, violate the defendant's due process guarantees. There is, of course, no question here that Ali was prejudiced by an additional five-year sentence if the Commonwealth is shown to have successfully relied on an inconsistency at the core of its case.

In response, the Commonwealth argues that the record, viewed in the light most favorable to the Commonwealth, showed that Ali committed two offenses "seriatim, a larceny from the person followed by a robbery." The Commonwealth contends that when Ali reached into the cash drawer, Tara was surprised and did not immediately intervene. The argument continues that an asportation then occurred, completing the crime of grand larceny from the person. Thereafter, the Commonwealth contends, Tara attempted to block Ali from taking any more money, whereupon he exerted force, thus committing robbery. Examining the record in the light most favorable to the Commonwealth, we find no evidence that supports the Commonwealth's theory that two successive takings occurred.

6

Asportation is an essential element of larceny. Severance of the goods from the owner and absolute control of the property by the taker, even for an instant, constitutes an asportation. Mason v. Commonwealth, 200 Va. 253, 256, 105 S.E.2d 149, 151 (1958). Asportation requires some movement of the seized goods, however slight, coupled with the intent to steal. Britt v. Commonwealth, 276 Va. 569, 575, 667 S.E.2d 763, 766 (2008). We find no support in the record for the Commonwealth's contention that Ali removed, or otherwise moved any cash from the drawer, or took control of any part of it, until after Tara intervened. The evidence is consistent only with the conclusion that Ali obtained all of the stolen money by force. His asportation was complete only when he "yanked" the money from Tara's hands.

The opinion of the Court of Appeals noted that it was "unclear" whether there were two crimes or only one. A concurring opinion stated that it was questionable whether "a reasonable fact finder could have concluded that there were two separate and independent criminal acts herein." Ali, slip op. at 9 (Alston, J., concurring). The Court of Appeals, however, noted that the issue had not been raised in the circuit court and, refusing to apply the ends of justice exception, held that the issue was barred on appeal by Rule 5A:18. Id., slip op. at 5-6.

7

On appeal to this Court, Ali concedes that the issue concerning the Commonwealth's inconsistent theories was not raised in the circuit court, but argues that this case is appropriate for application of the ends of justice exception and that the Court of Appeals erred in refusing to apply it.

As we view the record, the evidence clearly and affirmatively shows that an element of one of the crimes of which Ali was convicted did not occur.  Accordingly, there was error in the judgment appealed from and application of the ends of justice exception is necessary to avoid a grave injustice.  See Charles v. Commonwealth, 270 Va. 14, 20, 613 S.E.2d 432, 435 (2005) (holding that the ends of justice exception will be applied only if there is error in the judgment of the trial court, and only if necessary to avoid a grave injustice); Redman v. Commonwealth, 25 Va. App. 215, 221-22, 487 S.E.2d 269, 272-73 (1997) (holding that the exception will not be invoked unless the record affirmatively proves that the offense did not occur).  We therefore hold that the Court of Appeals erred in refusing to apply the ends of justice exception of Rule 5A:18 and erred in affirming the conviction of grand larceny from the person.

## Conclusion

For the reasons stated, we will affirm the judgment of the Court of Appeals with respect to the robbery conviction,

reverse the judgments of the Court of Appeals and the circuit court with respect to the conviction of grand larceny from the person, vacate that conviction and enter final judgment here.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and final judgment</u>.