COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


CARLDINE PRESTON CHEATHAM

                                            MEMORANDUM OPINION[*] BY
v.        Record No. 0350-11-2                JUDGE WILLIAM G. PETTY
                                                NOVEMBER 29, 2011

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
James F. D'Alton, Jr., Judge

Joseph M. Teefey, Jr. (Teefey & Teefey, on brief), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for
appellee.


        Appellant, Carldine Preston Cheatham ("Preston"), and his brother, Paul Thomas

Cheatham ("Paul"), were each charged with robbery and tried jointly in a bench trial in the

Circuit Court of Nottoway County.  Notably, Preston and Paul look alike.  The trial court

convicted Preston of robbery and dismissed the charge against Paul.  On appeal, Preston argues

that the evidence was insufficient to convict him of robbery.  For the following reasons, we

agree.  Therefore, we reverse and dismiss his conviction.

        Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite below only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.  "On appeal, 'we review the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

In reviewing whether the evidence was sufficient to convict Preston of robbery, we will reverse the trial court only upon a showing that it was "plainly wrong or without evidence to support it." Code § 8.01-860; Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63-64 (2010). Robbery is defined as "'the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" Ali v. Commonwealth, 280 Va. 665, 668, 701 S.E.2d 64, 66 (2010) (quoting Durham v. Commonwealth, 214 Va. 166, 168, 198 S.E.2d 603, 605 (1973)).

The specific question before us is whether the evidence was sufficient to prove that Preston took the victim's cell phone. According to the victim, Preston approached him as he sat in his friend's car. Preston accused the victim of calling Preston's cousin a derogatory name, and then Preston unexpectedly punched the victim. Meanwhile, Paul approached from the other side of the car and also struck the victim. The victim testified that Paul then took the victim's cell phone, which was in the victim's hands. During his testimony, the victim, who had known the brothers for about two years, was positive that he could distinguish between Preston and Paul, and he was certain that it was Paul who took his phone. The victim's friend witnessed the incident and verified the victim's account, although the friend testified that he did not know the brothers and could not tell them apart.[1] No other evidence established who had taken the cell phone. The remaining defense witnesses all testified that Preston and the victim had merely engaged in a brief argument and that no physical altercation or cell phone theft took place.

---

[1] Nonetheless, when pressed on which brother he saw steal the victim's cell phone, the victim's friend testified that it was Paul, although he ultimately admitted he could not tell the two apart.

- 2 -

Upon considering this evidence, the trial court said:

> Well, the court is getting quite familiar with look-alike defendants, and they create problems in terms of who did what. And I think . . . the [victim's friend] was having a terrible time keeping them straight even at counsel table. But I think the testimony points to one defendant being more involved than the other certainly at the very least.

> The court would have to accept the fact that he goes out to the car—I'm talking about Carldine Preston Cheatam goes out to the car after he's been highly incensed that his cousin has been insulted, has a discussion that doesn't result in anything else, and after the heated discussion this man's phone disappears and he said he was assaulted.

> And then he calls [one of Preston's relatives]. And there's a big issue being made about his phone being lost. So you call the group that's there and say, well, perhaps it's lost now, but somebody's took it from him and he knew who took it. And I think all of the evidence points to Carldine Preston Cheatham as the one who took the phone, and I find him guilty of robbery. The other charge is dismissed against the other defendant.

In light of this statement, it is apparent that the trial court believed that Preston had a dispute with the victim that led to an argument and an assault. During the altercation, the victim's cell phone was taken. The court apparently concluded that Preston took the phone because he was "more involved" in the assault.

We recognize that

> [o]n appellate review of a criminal conviction for sufficiency of the evidence to support the conviction, the relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Sullivan, 280 Va. at 676, 701 S.E.2d at 63-64 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). It is also true that our system gives the fact finder the authority to "'resolve the conflicts in the evidence.'" Haskins v. Commonwealth, 44 Va. App. 1, 9, 602 S.E.2d 402, 406 (2004) (quoting Feigley v. Commonwealth, 16 Va. App. 717, 724, 432 S.E.2d 520, 525 (1993)).

- 3 -

Nevertheless, where, as here, there is no conflict in the evidence, the fact finder cannot arrive at a factual conclusion inconsistent with that evidence. See id. at 9-11, 602 S.E.2d at 406-07. The trial court erred in this regard. In order to convict Preston of robbery, the Commonwealth had to prove, among other elements, that he took the property of another. The victim was positive that it was Paul and not Preston who took his cell phone, and there was no evidence to prove otherwise. Thus, we hold that the trial court erred when it found that Preston took the victim's cell phone. Accordingly, the evidence is insufficient to support the conviction for robbery.[2]

Therefore, we reverse and dismiss.

Reversed and dismissed.

---

[2] It is important to note that by dismissing the charge of robbery against Paul, the trial court implicitly found that there was no concert of action between Preston and Paul, as the Commonwealth had argued below. Accordingly, the Commonwealth cannot rely on that theory to uphold Preston's conviction on appeal.