COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Humphreys and O'Brien
Argued at Fredericksburg, Virginia

ERIC CHRISTIAN LALLY

v.      Record No. 0048-17-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE MARY GRACE O'BRIEN
APRIL 17, 2018

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Douglas L. Fleming, Jr., Judge

Elizabeth Jean Lancaster, Deputy Public Defender, for appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

A jury convicted Eric Christian Lally ("appellant") of assaulting a law enforcement officer, in violation of Code § 18.2-57. The court imposed the jury's recommended sentence of four years and three months of incarceration, and it added a six-month suspended sentence. Appellant moved to set aside the verdict, claiming that the prosecutor engaged in improper argument during both the guilt and sentencing phases of the trial. The court denied the motion and noted that appellant did not object to the prosecutor's statements during trial. Appellant now contends that the "Commonwealth's improper arguments at sentencing require a new sentencing hearing." Because appellant's arguments are procedurally barred, we affirm.

BACKGROUND

Deputy Sheriff Shannon Almborg of the Loudoun County Sheriff's Department responded to a report of a disorderly man at a local hospital. She encountered appellant, who was intoxicated

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and vomiting.  Appellant punched Deputy Almborg once in her face and several times in her chest, and he was charged with assault and battery on a law enforcement officer.

After empaneling the jury, the court gave a preliminary instruction that:

> opening and closing arguments of counsel are not evidence.  They are intended to be counsels' attempts at helping [you] to apply the evidence and instructions, but [you are] to apply the evidence to the instructions in arriving at [your] verdict.

During closing arguments, the prosecutor told the jury that he "fe[lt] bad" for appellant's attorney, who had to defend a difficult case.  He asserted that appellant's counsel made numerous statements in her closing argument that were "flat-out wrong" but he did not want to object because "[i]t's kind of rude to interrupt someone when they're doing a closing argument."  The jury convicted appellant of assaulting a law enforcement officer.

At the subsequent sentencing hearing, the court instructed the jury about the range of punishment and advised that appellant was not eligible for parole.  The prosecutor introduced appellant's prior convictions and referred to them during his sentencing argument:

> You'll see if you look . . . back here[,] the [c]ourt, the [j]udge, suspended all of that time for a period of 12 months.  You don't worry about suspending.  That is not your job.  Your job is to determine what the sentence is.  Any suspension is not something you need to worry about.  Your job is just to determine what the potential sentence is here.  If it gets suspended, that is the [c]ourt's job, not yours.

Later in the argument, the prosecutor addressed the issue of probation, and reiterated:

> Your job here is to determine what the sentence, overall sentence should be.  Where should we – what leeway should we give the judge when he is determining whether to put him on probation?
>
> That is what you do.  You give the ultimate sentence.  If you want to say 1 year, okay.  He gets 1 year.  The [c]ourt determines whether any of that is suspended.  If you want to say 5 years.  Again, it's the [c]ourt's job.  The [c]ourt can determine whether that gets all suspended or all but 6 months suspended or whether none of it gets suspended.

The prosecutor concluded by telling the jury: "Your job is to give the [c]ourt the range of punishment."

Appellant did not object to any of the prosecutor's remarks and did not ask for a cautionary instruction or a mistrial. In response to a question from the jury during deliberations, the court advised, "You are to confine your deliberations to the instructions before you and not concern yourselves with what may happen thereafter." Following the jury's sentencing verdict, appellant filed a motion for a new trial or, in the alternative, to set aside the jury's sentence. The court denied the motion and noted that appellant may have failed to object for tactical reasons.

DISCUSSION

Although appellant concedes that he did not contemporaneously object to the prosecutor's argument, he asks us to apply the ends of justice exception to Rule 5A:18 and consider the merits of his appeal. Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." We have stated that "[t]o be timely, an objection must be made when the occasion arises – at the time the evidence is offered or the statement made." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986). "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." Creamer v. Commonwealth, 64 Va. App. 185, 195, 767 S.E.2d 226, 231 (2015).

Further, to preserve a challenge to an improper closing argument, a defendant must request a cautionary instruction or a mistrial when the objectionable comment is made.

> It is well-settled that errors assigned because of a prosecutor's alleged improper comments . . . during argument will not be considered on appeal unless an accused timely moves for a cautionary instruction or for a mistrial. The motions must be made timely if the accused desires to take advantage of his objection on appeal.

Mack v. Commonwealth, 20 Va. App. 5, 8, 454 S.E.2d 750, 751 (1995) (quoting Cheng v. Commonwealth, 240 Va. 26, 38, 393 S.E.2d 599, 605-06 (1990)).

Appellant did not object during the prosecutor's argument at sentencing and did not request a cautionary instruction or move for a mistrial. He contends that he was effectively precluded from objecting because of the prosecutor's earlier statement that "[i]t's kind of rude to interrupt someone when they're doing a closing argument." Appellant concludes that if he had objected during the closing argument, the jury would have considered him unprofessional. Accordingly, he asks this Court to apply the ends of justice exception to the contemporaneous objection requirement.

"[T]he ends of justice exception is narrow and is to be used sparingly." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989). Virginia courts apply the exception only in "very limited circumstances." Gheorgiu v. Commonwealth, 280 Va. 678, 689, 701 S.E.2d 407, 414 (2010). For example, the Supreme Court has employed the ends of justice exception where:

> the record establishes that an element of the crime did not occur, Ali v. Commonwealth, 280 Va. 665, [671], 701 S.E.2d 64, [68] (2010) . . .; a conviction [was] based on a void sentence, Charles [v. Commonwealth], 270 Va. [14,] 20, 613 S.E.2d [432,] 435 [(2005)]; conviction of a non-offense, Jiminez v. Commonwealth, 241 Va. 244, 249-50, 402 S.E.2d 678, 680 (1991); and a capital murder conviction where the evidence was insufficient to support an instruction, Ball v. Commonwealth, 221 Va. 754, 758, 273 S.E.2d 790, 793 (1981).

Gheorgiu, 280 Va. at 689, 701 S.E.2d at 414.

In determining whether to apply the ends of justice exception, "we must review the record to determine whether a miscarriage of justice has occurred." Redman v. Commonwealth, 25 Va. App. 215, 218, 487 S.E.2d 269, 271 (1997). Appellant asserts that the prosecutor's comments during the sentencing argument impermissibly suggested that the jury should recommend a significant period of incarceration and the judge would suspend some portion of the sentence. However, the court

properly instructed the jury as to the law, and a jury is presumed to follow the judge's instructions. See Prieto v. Commonwealth, 283 Va. 149, 169, 721 S.E.2d 484, 496 (2012). The court previously instructed the jury that the attorneys' arguments were not evidence, and it advised the jury that appellant was not eligible for parole. See Fishback v. Commonwealth, 260 Va. 104, 115, 532 S.E.2d 629, 634 (2000). Later, in response to the jury's question during penalty phase deliberations, the court told the jury that it should make a decision about sentencing and "not concern [itself] with what may happen thereafter."

To avail himself of the ends of justice exception, an appellant must "affirmatively show that a miscarriage of justice has occurred," not merely that one "*might* have occurred." Redman, 25 Va. App. at 221, 487 S.E.2d at 272. Appellant has failed to meet his burden of proof in this case. As the court noted, appellant's failure to object may have been a tactical decision. Accordingly, we find that appellant waived his assignment of error, and we deny his request to apply the ends of justice exception to Rule 5A:18.

Affirmed.