COURT OF APPEALS OF VIRGINIA

Present:    Judges O'Brien, Malveaux and Senior Judge Annunziata
Argued by videoconference


DANIEL ALAN FRAZIER

MEMORANDUM OPINION[*] BY
v.       Record No. 0343-21-4        JUDGE MARY BENNETT MALVEAUX
DECEMBER 7, 2021

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CULPEPER COUNTY
Dale B. Durrer, Judge

Robert Bennett (Ashton, Walla & Associates, P.C., on brief), for
appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Pursuant to a plea agreement, Daniel Alan Frazier ("appellant") entered no contest pleas to

seven charges. On appeal, he argues that his pleas were not entered knowingly, intelligently, or

voluntarily because he was unaware that his convictions would result in a mandatory minimum term

of incarceration. For the following reasons, we affirm.

I. BACKGROUND

On August 19, 2019, a grand jury indicted appellant on one count of possession of child

pornography, in violation of Code § 18.2-374.1:1(A), four counts of possession of child

pornography, second or subsequent offense, in violation of Code § 18.2-374.1:1(B), one count of

distribution of child pornography, in violation of Code § 18.2-374.1:1(C)(i), and two counts of

distribution of child pornography, second or subsequent offense, in violation of Code

---
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

§ 18.2-374.1:1(C)(i).  Of these offenses, the distribution of child pornography, second or subsequent offense, charges include a mandatory minimum five-year sentence upon conviction.  See Code § 18.2-374.1:1(C)(i) ("Any person who commits a second or subsequent violation under this subsection shall be punished by a term of imprisonment of not less than five years nor more than 20 years in a state correctional facility, five years of which shall be a mandatory minimum term of imprisonment.").

On August 15, 2020, appellant entered into a written plea agreement with the Commonwealth in which he agreed to plead guilty to one count of possession of child pornography, first offense, four counts of possession of child pornography, second or subsequent offense, one count of distribution of child pornography, first offense, and one count of distribution of child pornography, second offense.[1]  The plea agreement specifically stated that one of the distribution charges was a "2nd or Subsequent Offense."  The agreement also provided that at sentencing, the Commonwealth would ask for a sentence for all charges of no more than ten years.  The plea agreement was silent as to the mandatory minimum sentence for the distribution of child pornography, second offense charge.

On October 13, 2020, appellant pled no contest in court to the offenses listed in the plea agreement.  During the plea hearing, the Commonwealth introduced a written proffer of the evidence regarding the offenses.  The proffer stated that police had executed a search warrant at appellant's address in Culpeper.  After being informed of his Miranda[2] rights, appellant told police that he had lived at the residence for approximately twenty years and provided his computer passwords.  Appellant stated that he had used "Shareaza," a peer-to-peer file-sharing

---

[1] In exchange for appellant's no contest pleas, the Commonwealth agreed to *nolle prosequi* one charge of distribution of child pornography, second or subsequent offense.

[2] See Miranda v. Arizona, 384 U.S. 436 (1966).

network,[3] and in doing so had "accidentally seen child porn," but stated that he "was not a child pornographer." However, appellant admitted that he had used Shareaza to access pornography and "would search teens and find child porn" on the network. Appellant acknowledged that 10% to 30% of the pornography he downloaded was child pornography.

The proffer also included descriptions of five videos or photographs of prepubescent children engaged in sexual activity that were found on appellant's computer. The Commonwealth further proffered three additional explicit videos or images of sexual acts involving children that appellant had distributed though Shareaza.

At the plea hearing, counsel for appellant waived the formal reading of the charges. During the plea colloquy, appellant acknowledged that he had reviewed the written plea agreement with his attorney and that he was pleading no contest freely and voluntarily. He also acknowledged that he had discussed a waiver of rights form with his attorney and had signed it. The court accepted appellant's no contest pleas and continued the matter for sentencing.

On the waiver of rights form, appellant confirmed that his attorney had reviewed the charges, that he had had sufficient time to discuss them, that he was pleading no contest because he was in fact guilty, that he was making his pleas voluntarily, and that he had read the plea agreement and understood it. He further acknowledged in the form that the maximum punishment for the offenses was sixty years in prison, that he had discussed the sentencing guidelines with his attorney, and that he was aware that the trial court was not required to follow those guidelines. In addition, following a question asking, "Is there a mandatory punishment for the crime(s)," there was a handwritten "[n]o" on the form.

---

[3] The Commonwealth further proffered that Shareaza is a "sharing site" that requires users to distribute videos and photographs if they wish to download them.

The sentencing guidelines, prepared by a probation officer and filed with the court the day of appellant's sentencing hearing, provided for an active prison sentence of three years and one month to nine years and ten months with a midpoint of seven years and five months. A box on the form indicating that the sentence had been adjusted due to a mandatory minimum was not checked.

At the January 14, 2021 sentencing hearing, the Commonwealth asked the trial court to sentence appellant to ten years' incarceration. Counsel for appellant asked the trial court to sentence appellant below the sentencing guidelines.

In making its sentencing ruling, the trial court stated that on the charge of distribution of child pornography, second or subsequent offense, it was "required to impose the minimum mandatory sentence of five years." It then sentenced appellant to fifty years' incarceration with forty-two years suspended, leaving an eight-year active sentence. Appellant did not object to the imposition of the minimum mandatory sentence at the sentencing hearing.

The court entered a sentencing order on January 17, 2021, reflecting the above-stated sentence. Appellant did not object to the entry of the order and did not move to withdraw his no contest pleas.

On February 2, 2021, the trial court filed a *pro se* letter from appellant asking for an appeal of the court's sentencing ruling. In his letter, appellant asserted various ineffective assistance of counsel claims. Appellant also stated that at the sentencing hearing the court "informed [him] that one of [his] charges carried a 5[-]year mandatory sentence," and "[e]ither [counsel for appellant] never knew about this mandatory minimum or hid it from [appellant] as [he] would have never agreed to plead guilty under those circumstances."

This appeal followed.

## II. ANALYSIS

On appeal, appellant argues that his pleas of no contest were not entered knowingly, intelligently, or voluntarily because he was unaware that his convictions would result in a mandatory minimum term of incarceration. Appellant does not assert that he raised this argument before the trial court[4] and instead asks us to consider this issue on appeal under the good cause exception to Rule 5A:18.

Rule 5A:18 provided, in relevant part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."[5] "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." Creamer v. Commonwealth, 64 Va. App. 185, 195 (2015).

Rule 5A:18 provides for two exceptions to the rule, the good cause and ends of justice exceptions. "The Court may only invoke the 'good cause' exception where an appellant did not have the opportunity to object to a ruling in the trial court; however, when an appellant 'had the opportunity to object but elected not to do so,' the exception does not apply." Perry v. Commonwealth, 58 Va. App. 655, 667 (2011) (quoting Luck v. Commonwealth, 32 Va. App. 827, 834 (2000)). Here, appellant had the opportunity at trial to challenge the entry of his no contest pleas as not having been made knowingly, intelligently, or voluntarily but failed to do so.

---

[4] As noted above, appellant did state in his post-sentencing letter sent to the trial court that he was unaware of the five-year mandatory minimum sentence associated with the distribution of child pornography, second offense, charge. However, he did not ask the trial court to withdraw his pleas at that time; he only asked for an appeal of his sentence and for new court-appointed counsel to represent him during his appeal.

[5] Subsequent to the filing of this appeal, the Supreme Court of Virginia amended the language of Rule 5A:18 to read, "except for good cause shown or to enable this Court to attain the ends of justice."

Appellant had the opportunity to object during the sentencing hearing when the trial court announced it was imposing the five-year mandatory minimum sentence for the distribution of child pornography, second offense charge. Moreover, appellant could have moved to withdraw his no contest pleas within twenty-one days after entry of the sentencing order pursuant to Code § 19.2-296.[6] As appellant had the opportunity to object to the entry of his pleas but elected not to do so, the good cause exception to Rule 5A:18 does not apply.[7]

Rule 5A:18's second exception, the ends of justice exception, allows this Court to consider an argument raised for the first time on appeal in order to prevent a miscarriage of justice. However, on brief, appellant failed to argue that the ends of justice exception applies in this case. See Edwards v. Commonwealth, 41 Va. App. 752, 761 (2003) (*en banc*) ("We will not consider, *sua sponte*, a 'miscarriage of justice' argument under Rule 5A:18."). Further, to the extent that appellant contended at oral argument that the ends of justice exception applies in this case, raising this exception for the first time at oral argument is untimely, and thus we consider such argument waived. See Stokes v. Commonwealth, 61 Va. App. 388, 397 (2013) (declining to consider appellant's argument that the ends of justice exception applied when the argument

---

[6] Code § 19.2-296 provides that

> [a] motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

[7] Appellant also cites Code § 8.01-384(A), the statutory exception to the contemporaneous objection rule, in support of his argument that this Court should consider his argument on appeal. Code § 8.01-384(A) provides, in relevant part, that "if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him . . . on appeal." As explained above, for the same reasons that the good cause exception does not apply, Code § 8.01-384 also provides appellant no relief as he had the ability to object at the trial level.

was first raised at oral argument); see also Rule 5A:20(e) (providing that in an appellant's opening brief, the assignment of error needs to state why either the good cause and or ends of justice exceptions to Rule 5A:18 are applicable).[8]

## III. CONCLUSION

For the foregoing reasons, we decline to review appellant's challenge to his pleas of no contest as this argument was not raised before the trial court. Accordingly, we affirm appellant's convictions.

Affirmed.

---

[8] Moreover, it is clear from the record that the ends of justice exception does not apply in the instant case. The ends-of-justice exception "is narrow and is to be used sparingly." Holt v. Commonwealth, 66 Va. App. 199, 209 (2016) (*en banc*) (quoting Redman v. Commonwealth, 25 Va. App. 215, 220 (1997)). In order to successfully invoke this exception, an appellant "must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Redman, 25 Va. App. at 221. Moreover, the error at issue must be "clear, substantial and material." Brown v. Commonwealth, 279 Va. 210, 219 (2010) (quoting West v. Commonwealth, 43 Va. App. 327, 338 (2004)). The record must establish that "application of the ends of justice exception is necessary to avoid a grave injustice." Ali v. Commonwealth, 280 Va. 665, 671 (2010). Here, assuming without deciding that the record does establish that appellant was unaware of the mandatory minimum sentence for the distribution of child pornography, second offense charge, no grave injustice occurred as a result of appellant's ignorance of this mandatory minimum. Appellant's plea agreement with the Commonwealth provided that the Commonwealth would ask for no more than ten years' incarceration at sentencing. The sentencing guidelines provided for a range of three years and one month to nine years and ten months with a midpoint of seven years and five months. The trial court sentenced appellant to an active sentence of eight years' incarceration, less than the ten years' maximum established in the plea agreement and only slightly higher than the midpoint of the sentencing guidelines. Based on these facts, it is clear that a miscarriage of justice did not occur as appellant received what he bargained for in the plea agreement.