COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judge O'Brien and Senior Judge Haley
Argued by teleconference


RICKY TIMOTHY WYATT, JR.

MEMORANDUM OPINION* BY
v.      Record No. 1131-21-2                 CHIEF JUDGE MARLA GRAFF DECKER
OCTOBER 25, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
Joseph M. Teefey, Jr., Judge

Travis C. Gunn (McGuireWoods LLP, on briefs), for appellant.

Lauren C. Campbell, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Ricky Timothy Wyatt, Jr., appeals his conviction for bribery of a witness in violation of

Code § 18.2-441.1. The appellant argues that the evidence was insufficient to support his

conviction. For the following reasons, we affirm.

BACKGROUND[1]

In 2004, the appellant was convicted of the abduction and rape of G.H. In that case, G.H.

was scheduled to testify against the appellant but ultimately did not do so. Instead, the appellant

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In this Court's review of the sufficiency of the evidence to support a conviction, we view the evidence and "all reasonable inferences fairly deducible" from the evidence in "the light most favorable to the Commonwealth," the party who prevailed in the trial court. *Cuffee v. Commonwealth*, 61 Va. App. 353, 357 (2013) (quoting *Martin v. Commonwealth*, 4 Va. App. 438, 443 (1987)). To do so, the Court "discard[s] the evidence of the accused in conflict with that of the Commonwealth." *Id.* (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

pled guilty and was convicted in a manner consistent with his plea agreement. At that time, G.H. knew the appellant as "Ricky T."

In 2020, G.H. received a phone call from a "Florida number" that she did not recognize.[2] The caller identified himself as "Ricky T." G.H. recognized the caller's voice as belonging to the appellant. The caller reminded her that she had seen him at a restaurant in 2012, and, according to G.H., she had such an encounter with Ricky T. During the phone call, he also referenced "stuff . . . pertaining to the case in 2004."

The caller asked G.H. to recant her accusation that he abducted and raped her in 2004 and to speak with his lawyer about this requested recantation. He told G.H. that she "could help him out by recanting [her] story" so he "wouldn't have to get violated." The caller added that he was "just trying to live his life with his family." He offered to "pay [her] to recant [her] story" and told her that he could "pay [her] something, pay [her] cost." G.H. assumed that the appellant wanted her to recant so that "somehow the case would be appealed or overthrown."

The day after the phone call, G.H. contacted Major William Knott of the Dinwiddie County Sheriff's Office, who had investigated the 2004 crimes. She reported the phone call to him. During the ensuing investigation, Knott learned that the appellant was in federal custody in a halfway house in the state.

The Commonwealth charged the appellant with bribery of a witness in violation of Code § 18.2-441.1, and he was tried without a jury. After the close of all the evidence, the appellant argued that G.H.'s testimony was incredible. Specifically, he contended that he was not the person who called her.

_____

[2] G.H. initially did not answer the phone. She then received an instant message stressing the importance of answering the phone. When G.H. received a call from the unknown number a second time, she answered it.

The trial court found the appellant guilty and sentenced him to three years in prison, with two years suspended.

ANALYSIS

The appellant challenges the sufficiency of the evidence. He raises several specific bases for this argument. In conducting our analysis, we are guided by well-established law and consider the record in a manner consistent with the appellate standard of review.

In this Court's review of the sufficiency of the evidence to support a conviction, we will affirm the decision unless the trial court was "plainly wrong" or the conviction lacked "evidence to support it." *See, e.g.*, *Pulley v. Commonwealth*, 74 Va. App. 104, 123 (2021) (quoting *Poole v. Commonwealth*, 73 Va. App. 357, 363 (2021)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)). In conducting this review, the appellate court "does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). Instead, the "relevant question is 'whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Caldwell v. Commonwealth*, 298 Va. 517, 526 (2020) (quoting *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016)). The appellant was tried by the circuit court, sitting without a jury. Accordingly, that court was the fact finder, and its judgment is afforded the "same weight as a jury verdict." *Id.*

As we evaluate the sufficiency of the evidence, we do "not distinguish between direct and circumstantial evidence, as the fact finder . . . 'is entitled to consider all of the evidence, without distinction, in reaching its determination.'" *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017)

- 3 -

(quoting *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003)). "Circumstantial evidence is not 'viewed in isolation' because the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable [fact finder]' to conclude beyond a reasonable doubt that a defendant is guilty." *Rams v. Commonwealth*, 70 Va. App. 12, 27 (2019) (alteration in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)).

We review the sufficiency of the evidence to support the appellant's conviction under Code § 18.2-441.1 using these legal principles. Under that statute, it is a Class 6 felony for "any person [to] give, offer, or promise to give any money or other thing of value to anyone with intent to prevent such person from testifying as a witness in any civil or criminal proceeding or with intent to cause that person to testify falsely." Code § 18.2-441.1.

The appellant suggests three reasons why he believes the evidence was insufficient. First, he argues that the Commonwealth failed to prove that he was the caller. Second, he contends that the evidence did not show that he promised the witness money or something else of value. Third, he suggests that the Commonwealth failed to establish that he had the intent required under the statute.

## I. Identity

The appellant contends that the evidence failed to prove his identity as the caller because it did not establish that he had the ability to make a phone call at that time and G.H.'s testimony identifying him as the caller was not believable.

It is axiomatic that "[a]t trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt." *Cuffee v. Commonwealth*, 61 Va. App. 353, 364 (2013) (quoting *Blevins v. Commonwealth*, 40 Va. App. 412, 423 (2003)). On appeal, we review the trier of fact's determination of the identity of the criminal actor in the context of "the

- 4 -

totality of the circumstances." *See Brown v. Commonwealth*, 37 Va. App. 507, 523 (2002) (quoting *Satcher v. Commonwealth*, 244 Va. 220, 249 (1992)).

This case hinges on G.H.'s credibility identifying the appellant as the offending caller. The trial court found that she was a credible witness. "[D]etermining the credibility of the witnesses and the weight afforded [their] testimony . . . are matters left to the trier of fact, who has the ability to hear and see them as they testify." *Raspberry v. Commonwealth*, 71 Va. App. 19, 29 (2019) (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). This Court will only disturb a credibility finding on appeal if it concludes that the "testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011) (quoting *Robertson v. Commonwealth*, 12 Va. App. 854, 858 (1991)). "To be 'incredible,' testimony 'must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006) (quoting *Cardwell v. Commonwealth*, 209 Va. 412, 414 (1968)).

The facts here provide more than adequate support for the trial court's credibility determinations and its finding that the appellant was the person who called G.H. She testified that the caller identified himself as Ricky T., the appellant, and that she recognized his voice to be that of Ricky T. G.H.'s testimony identifying the appellant as the caller was neither "inherently incredible" nor "so contrary to human experience as to render it unworthy of belief." *See Johnson*, 58 Va. App. at 315 (quoting *Robertson*, 12 Va. App. at 858). Further, the substantive content of the conversation supports G.H.'s identification testimony. The caller reminded her that they had seen each other at a restaurant in 2012 and referenced the 2004 case, conversation within the appellant's specific knowledge. In addition, the caller asked her to recant her

accusation against him and speak with his lawyer, a request that would clearly benefit the appellant and one that few others would have an incentive to make. And he specifically referenced that a recantation would allow him to live life with "his family." The conversation viewed as a whole completely supports G.H.'s identification.

We recognize that G.H. first stated to Major Knott that she did not recognize the caller's voice, but at trial she testified that she did. The appellant suggests that this inconsistency renders G.H. not worthy of belief or, in the legal context, inherently incredible. However, "[a] legal determination that a witness is inherently incredible is very different from the mere identification of inconsistencies in a witness' testimony or statements." *Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019). Instead, such inconsistencies are appropriately weighed and "'resolved by the fact finder,' not the appellate court." *Id.* (quoting *Towler v. Commonwealth*, 59 Va. App. 284, 292 (2011)). If the fact finder bases the conviction on the testimony of a witness, "there can be no relief in the appellate court" if that testimony contains facts that, "if true, are sufficient to maintain the[] verdict." *Smith v. Commonwealth*, 56 Va. App. 711, 718-19 (2010) (quoting *Swanson v. Commonwealth*, 8 Va. App. 376, 379 (1989)). This principle applies even if a witness has made contradictory statements. *Id.*

The appellant suggests that G.H.'s testimony that she recognized his voice was inherently incredible because he was in a "halfway house" in federal custody at the time of the call and the Commonwealth did not prove that he had access to a telephone or the internet in order to make a phone call. He also posits that G.H. was incapable of identifying his voice because she had not heard him speak for sixteen years. This evidence was before the trial court, which had the opportunity to listen to the testimony, observe the witnesses, consider the arguments of counsel, and determine what happened. *See Lockhart v. Commonwealth*, 34 Va. App. 329, 343 (2001). In light of the circumstances, the trial court as trier of fact was entitled to accept G.H.'s

testimony and to reject the appellant's defense that the Commonwealth failed to prove he was the caller or someone else called her. *See Ervin v. Commonwealth*, 57 Va. App. 495, 519-21 (2011) (en banc) (holding that a fact finder may properly reject a defendant's hypothesis of innocence).

The record provides no basis to disturb the trial court's assessment of the victim's credibility or its determination that she recognized the appellant's voice when he called her. Accordingly, the trial court was entitled to conclude that the appellant made the phone call to G.H.

## II. Elements of the Offense

The appellant argues that the Commonwealth failed to present evidence sufficient to support two elements of the offense required by Code § 18.2-441.1. Under that statute, the criminal actor must "give, offer, or promise to give any money or other thing of value" to someone, and that gift, offer, or promise must have been made "with [the] intent to cause" the witness "to testify falsely" or not testify at all. Code § 18.2-441.1; *accord Law v. Commonwealth*, 39 Va. App. 154, 159 (2002) (interpreting the statute). The appellant argues for the first time on appeal that the Commonwealth did not prove either (A) that he offered G.H. money or something else of value or (B) that he did so with the requisite intent. Consequently, as a preliminary matter, we must consider whether they are barred from merit review.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." "Specificity and timeliness undergird the contemporaneous-objection rule . . . [']so that the trial judge . . . know[s] the particular point being made in time to do something about it.'" *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). Further, under this rule, "[m]aking one specific argument on an issue does not preserve a separate legal point on the

same issue for review." *Banks*, 67 Va. App. at 285 (alteration in original) (quoting *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc), *aff'd*, No. 040019 (Va. Oct. 15, 2004) (unpub'd order)).

Below, the appellant's trial counsel did not challenge the sufficiency of the evidence to prove that he offered G.H. money or another object of value or that he did so with the intent to garner false testimony from her. Instead, he argued generally that the evidence was not sufficient. His specific arguments were that G.H.'s testimony was not credible and that the Commonwealth had not proven his identity as the caller. He made no argument as to the elements of the offense. "[N]either an appellant nor an appellate court should 'put a different twist on a question that is at odds with the question presented to the trial court'" in order to address an issue on appeal that was not raised below. *Bethea*, 297 Va. at 744 (quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)). As a result, under Rule 5A:18, the appellant failed to preserve for appeal any challenge to the sufficiency of the evidence establishing either the statutory requirement of an offer of money or other item of value or that he possessed the requisite intent. *See Copeland v. Commonwealth*, 42 Va. App. 424, 441 (2004).

The appellant urges the Court to apply the ends-of-justice exception to Rule 5A:18. This exception "is narrow and is to be used sparingly." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220 (1997)). When analyzing "whether to apply" the ends-of-justice exception, an appellate court "considers two questions": "'(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice.'" *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). To meet the requirements of the exception, "[i]t is never enough for the defendant to merely assert a winning argument on the merits—for if that were enough[,] procedural default 'would never apply, except

when it does not matter.'" *Winslow v. Commonwealth*, 62 Va. App. 539, 546 (2013) (quoting

*Alford v. Commonwealth*, 56 Va. App. 706, 710 (2010)).  Instead, an appellant "must affirmatively

show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred."

*Redman*, 25 Va. App. at 222; *see Ali v. Commonwealth*, 280 Va. 665, 671 (2010).  The error at issue

must be "clear, substantial and material." *Brown v. Commonwealth*, 279 Va. 210, 219 (2010)

(quoting *West v. Commonwealth*, 43 Va. App. 327, 338 (2004)).

In practical terms, these principles mean that for the ends-of-justice exception to apply to a

sufficiency challenge, the appellant must provide a record "affirmatively prov[ing]" that he was

"convicted for conduct that was not a criminal offense" or "that an element of the offense did not

occur." *Redman*, 25 Va. App. at 222.  A failure of proof alone is insufficient to successfully invoke

the exception. *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009).

With this legal framework guiding the analysis, we consider whether the ends-of-justice

exception applies to either of the appellant's current challenges to particular elements of the offense.

### A.  Money or Other Thing of Value

The appellant acknowledges the testimony that he offered to pay the victim's "cost[s]," but

he argues that "[w]itness costs . . . are not the type of 'money or thing of value' the General

Assembly criminalized."

It is well settled that "[w]hen the language of a statute is plain and unambiguous, we

are bound by the plain meaning of that statutory language." *Jones v. Commonwealth*, 296 Va. 412,

415 (2018) (quoting *Alston v. Commonwealth*, 274 Va. 759, 769 (2007)).  This Court "must

determine the General Assembly's intent from the words appearing in the statute, unless a literal

construction . . . would yield an absurd result." *Pelloni v. Commonwealth*, 65 Va. App. 733, 739

(2016) (quoting *Schwartz v.* Commonwealth, 45 Va. App. 407, 450 (2005)).  "[T]he plain, obvious,

and rational meaning . . . is to be preferred over any curious, narrow, or strained construction . . . ."

*Taylor v. Commonwealth*, 298 Va. 336, 342 (2020) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 237 (2013)). "Although criminal statutes are to be strictly construed against the Commonwealth, the appellate court must also 'give reasonable effect to the words used' in the legislation." *Green v. Commonwealth*, 72 Va. App. 193, 202 (2020) (quoting *Johnson v. Commonwealth*, 37 Va. App. 634, 639 (2002)).

Turning to the statutory language at issue, the meaning of "money or other thing of value" is straightforward. The main definition of "money" is "[t]he medium of exchange authorized or adopted by a government as part of its currency." *Money*, *Black's Law Dictionary* (11th ed. 2019). In this context, the phrase "other thing of value" following the term "money" simply encompasses other things of "monetary worth." *See Value*, *Black's Law Dictionary*, *supra*.

The appellant offered to "pay [the victim] something, pay [her] cost[s]." An offer to "pay" her "something" connotes an offer to pay either money or something of value. Consequently, the offer does not clearly fall outside the scope of the statutory offense. The record here simply does not *affirmatively prove* that the requisite offer to pay money or something else of value *did not occur*. In fact, it does the opposite. Therefore, the ends-of-justice exception to Rule 5A:18 does not apply.

To support his challenge to this element of the offense, the appellant argues that "witness costs" do not qualify as "money or thing of value" under the statute. He suggests that his offer to pay "cost[s]" necessarily meant the costs that the Commonwealth reimburses witnesses. *See, e.g.*, Code §§ 17.1-612 (allowing reimbursement for mileage and tolls), 19.2-329 (permitting compensation for attendance and travel), 19.2-330 (governing compensation for out-of-state witnesses). Accepting this factual proposition for the sake of argument, even reimbursements to witnesses for expenses have value. There is no exception in the language of Code § 18.2-441.1, which includes the broad language of offering money and all other things of value.

The appellant contends that this construction of the statute is untenable.  He argues that to construe the statute as encompassing reimbursement payments to witnesses would mean that the Code "on the one hand, . . . promise[s] that witnesses will be paid certain costs; and then, on the other hand, . . . criminalize[s] a promise that the witness will receive those costs."  The appellant suggests that this interpretation would create an absurdity because it would render the law "internally inconsistent."  This argument, however, overlooks the requisite element of intent in the statute.  Code § 18.2-441.1 requires that the gift, offer, or promise be made "*with intent to cause*" *the witness to testify falsely or not to testify at all*.  (Emphasis added).  *Accord Law*, 39 Va. App. at 159.  Presumably, the purpose of the cost-reimbursement statutes is not to influence witnesses to testify falsely or not at all.  Therefore, we are not persuaded by the appellant's statutory interpretation argument, even assuming we read the record as the appellant suggests.

The evidence in the record does not affirmatively prove that the appellant did not offer money or something else of value to G.H.  Therefore, as to this element, the facts do not fall within the narrow circumstances in which the ends-of-justice exception applies.

## B.  Intent

The appellant argues that the Commonwealth's evidence proved neither that he intended to "prevent [her] from testifying as a witness in any civil or criminal proceeding" nor that he intended to "cause [her] to testify falsely."  *See* Code § 18.2-441.1.  He suggests that the ends-of-justice exception should apply here because "the evidence affirmatively shows . . . that the caller only wanted [G.H.] to recant her story" and did not show either that he believed the recantation would be false or that he desired her to recant in the form of testimony in a civil or criminal proceeding.

- 11 -

To support application of the ends-of-justice exception, the record must affirmatively prove that the appellant acted without "intent to cause" G.H. to give false testimony.[3] *See* Code § 18.2-441.1; *Redman*, 25 Va. App. at 221. The record here does not do so. According to G.H., the appellant asked her to "recant" and to talk to his attorney. *See generally Recant*, *Black's Law Dictionary*, *supra* (defining "recant" as "[t]o withdraw or renounce (prior statements or testimony) formally or publicly"). She did not say that her earlier accusation was false and the recantation would be true. Similarly, there was no affirmative evidence that the caller did not seek to persuade her to give the recantation in the form of testimony in a civil or criminal proceeding. In fact, viewed in context, the evidence suggests that the appellant wanted G.H. to recant her account of the 2004 rape and abduction so that he "wouldn't have to get violated" and could be with his family.

The appellant's argument that the evidence did not prove that he held the intent required under the statute pertains to the degree of proof necessary to sustain a conviction. And, as the law makes clear, even assuming a failure of proof, such does not trigger application of the ends-of-justice exception to Rule 5A:18. *Brittle*, 54 Va. App. at 514. Only when the record affirmatively proves that the challenged element of the offense did *not* occur does the ends-of-justice exception apply. *See id.* Such is simply not the case here.[4]

For these reasons, the appellant has not established a basis for invoking the ends-of-justice exception to excuse his failure to raise his sufficiency challenge to the element of intent in the trial court.

---

[3] The statute's proscription against offering money or something of value to someone with the intent of persuading that person to *not* testify is not applicable to the facts of this case.

[4] The appellant cites *Law* in support of his assignment of error. That case reversed the conviction based on the Commonwealth's failure to prove that the defendant acted with the requisite intent. *Law*, 39 Va. App. at 159-61. In *Law*, however, this Court analyzed the sufficiency of the evidence to prove intent directly on the merits and was not restricted to viewing the issue through the lens of the ends-of-justice exception to Rule 5A:18. Therefore, the appellant's reliance on *Law* is unavailing.

CONCLUSION

The Commonwealth presented evidence sufficient to support the trial court's finding that the appellant was the individual who called G.H. and urged her to recant her accusations against him. At trial, the appellant's counsel failed to challenge the sufficiency of the evidence supporting the elements of (A) the offer to pay money or a thing of value and (B) the intent to persuade G.H. to give false testimony. Further, the record does not provide a basis for applying the ends-of-justice exception to permit this Court to consider either of these arguments. Therefore, consideration of these assignments of error on their merits is procedurally barred by Rule 5A:18. For these reasons, we affirm the conviction.

*Affirmed.*